UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TRAVELERS INDEMNITY COMPANY
OF CONNECTICUT and ST. PAUL
FIRE & MARINE INSURANCE
COMPANY,

        Plaintiffs,

v.                                        Case No: 2:13-cv-670-FtM-38DNF

ATTORNEYS TITLE INSURANCE
FUND, INC., FLORIDA TITLE CO.,
SECTION 10 JOINT VENTURE,
LLP, SKY PROPERTY VENTURE,
LLC and CAS GROUP, INC.,

        Defendants.
_____/

## ORDER[1]

This matter comes before the Court on Defendants, Attorneys' Title Insurance Fund, Inc. and Florida Title Company's Motion to Dismiss for Misjoinder (Doc. #38) filed on November 14, 2013. Plaintiffs filed a response in opposition (Doc. #44) filed on November 27, 2013. This motion is ripe for review.

**Standard**

District Courts are authorized "to dismiss any misjoined party or claim at any stage of a lawsuit." Harris v. Johns, Nos. 3:06-cv-433-J-32MCR, 3:07-cv-30-J-32MCR, 2007 WL 2310784, at *3 (M.D. Fla. Aug. 8, 2007). Misjoinder occurs when parties fail to satisfy

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

Federal Rule of Civil Procedure 20(a). Id. at *3. Rule 20(a)(2) provides that defendants may be joined in an action if, "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." In addition, courts are permitted to grant judgments according to the parties' respective rights and liabilities. Fed.R.Civ.P. 20(a)(2)(B).

When evaluating whether a misjoinder has occurred in an action, courts lean toward the "broadest possible scope of action consistent with fairness to the parties." Alexander v. Fulton County, GA., 207 F.3d 1303, 1323 (11th Cir. 2000) (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 724 (1966)). "The touchstone of Rule 20 joinder/severance analysis is whether the interests of efficiency and judicial economy would be advanced by allowing the claims to travel together, and whether any party would be prejudiced if they did." Fisher v. Ciba Specialty Chemicals Corp., 245 F.R.D. 539, 542 (S.D. Ala. 2007). Further, "the persons who are joined as defendants must be interested in claims that arise out of the same transaction or occurrence, or series of transactions or occurrences; and, all the parties joined must share in common at least one question of law or fact." Union v. Montenegro, No. 2:10-cv-734-FtM-99SPC, 2012 WL 2401784, at *4 (M.D. Fla. June 25, 2012) (citing Alexander v. Fulton County, 207 F.3d 1303, 1323 (11th Cir. 2000), overruled on other grounds, Manders v. Lee, 338 F.3d 1304 (11th Cir. 2003)).

## Discussion

Defendant Attorneys' Title Insurance Fund, Inc (hereinafter "ATIF") and Defendant Florida Title Company (hereinafter "Florida Title") move to dismiss this action against

them on the grounds that they no longer have any interest in the dispute. These two defendants entered into a settlement agreement with Co-Defendant Section 10 Joint Venture, LLP and Co-Defendant Sky Property Venture, LLC. (Doc. #37, ¶37). Defendants ATIF and Florida Title assigned their rights and their causes of action against plaintiffs to these two listed co-defendants. (Doc. #37-21, ¶5). Therefore, Defendants ATIF and Florida Title argue they have no interests in the coverage litigation initiated in this action. Defendants support their argument by citing to two cases, Panopoulos v. Lexington Ins. Co., No. 8:13-cv-700-T-33TGW, 2013 WL 2708688 (M.D. Fla. June 12, 2013) and Acciard v. Whitney, No. 2:07-cv-476-UA-DNF, 2008 WL 5120820 (M.D. Fla. Dec. 4, 2008). Defendants also contend dismissing them from this action would support judicial efficiency. Further, Defendants contend if they continue in this matter now then they will incur the expenses and negative consequences of litigation and this incurrence will prejudice them.

Plaintiffs oppose the motion with the contention that the settlement agreement between the defendants is invalid because the settlement agreement is collusive, unreasonable, and was negotiated in bad faith. Relying on Citizens Property Ins. Co. v. Ifergane, Nos. 3D10-1195, 3D09-3293, 2012 WL 4010964 (Fla. 3d DCA Sept. 12, 2012), Plaintiffs contend this Court must first determine if the contract between the defendants is invalid before analyzing the misjoinder argument. Accordingly, Plaintiffs contend defendants' motion is premature at best.

The Court agrees with Plaintiffs. Although it is clear in Florida post-loss insurance contracts can be assigned without the consent of the insured, it is unclear from the record thus far whether the settlement agreement and assignment therein is valid. Professional

Consulting Services, Inc. v. Hartford Life and Accident Ins. Co., 849 So.2d 446, 447 (Fla. 2d DCA 2003) ("Florida law generally authorizes assignments of after-loss claims under insurance policies.") (citing Lexington Ins. Co. v. Simkins Indus., Inc., 704 So.2d 1384, 1386 n.3 (Fla. 1998); Gisela Inv. N.V. v. Liberty Mut. Ins. Co., 452 So.2d 1056, 1057 (Fla. 3d DCA 1984)); see also, Professional Consulting Services, Inc., 849 So.2d at 447 (stating that if the assignment was valid, then the assignee stands in the shoes of the assignor and has the same rights and status that the assignor had.) (citing Foster v. Foster, 703 So.2d 1107, 1109 (Fla. 2d DCA 1997)). The validity of the settlement agreement is at the crux of this litigation. This settlement agreement is the result of an action made in concert by Defendants ATIF, Florida Title, Section 10 Joint Venture, LLP and Sky Property Venture, LLC. Thus, whether the assignment is valid is a question related to these defendants. Therefore, if the settlement agreement or the assignment clause therein is found to be invalid then releasing Defendant ATIF and Defendant Florida Title from this litigation now would be improper and would not support efficiency or judicial economy. Consequently, at this time the Court finds Defendant ATIF and Defendant Florida Title have properly been joined in this matter.

Accordingly, it is now **ORDERED:**

Defendants, Attorneys' Title Insurance Fund, Inc. and Florida Title Company's Motion to Dismiss for Misjoinder (Doc. #38) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 18th day of December, 2013.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record