UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TRAVELERS INDEMNITY COMPANY
OF CONNECTICUT and ST. PAUL FIRE
& MARINE INSURANCE COMPANY,

      Plaintiffs,

v.                                                Case No: 2:13-cv-670-FtM-38DNF

ATTORNEY'S TITLE INSURANCE
FUND, INC., FLORIDA TITLE CO.,
SECTION 10 JOINT VENTURE, LLP,
SKY PROPERTY VENTURE, LLC,
CAS GROUP, INC., STEPHAN,
COLE & ASSOCIATES, LLC and
INTEGRA REALTY RESOURCES
SOUTHWEST FLORIDA, INC.,

      Defendants.
_____/

## ORDER[1]

This matter comes before the Court on Intervening Plaintiff RSUI Indemnity Company's Motion for Reconsideration (Doc. #139) filed on December 5, 2014. Defendants in Intervention, Section 10 Joint Venture, LLP ("Section 10"), Sky Property Venture, LLC ("Sky Venture"), and CAS Group, Inc. ("CAS"), filed a Response in Opposition on January 8, 2015. (Doc. #147). Thus, the Motion is ripe for review.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

**Background[2]**

Intervening Plaintiff RSUI Indemnity Company ("RSUI") is an insurance company organized in the state of New Hampshire, with its principal place of business in the state of Georgia. (Doc. #69 at 2). Defendants in Intervention[3] are Sky Venture and CAS, a Florida limited liability company and Florida corporation, respectively, and Section 10, a Florida limited liability partnership compromised of two members - Sky Venture and CAS.[4] (Doc. #69 at 3). On April 19, 2007, Defendants Attorneys' Title Insurance Fund ("ATIF") and Florida Title ("FT") filed an action against Sky Venture and Section 10 in Florida state court, asserting claims of equitable lien/constructive trust, injunctive relief, and unjust enrichment ("Lis Pendens Action"). (Doc. #69 at 5).

As a basis for the Lis Pendens Action, ATIF asserted that it was seeking recovery for a $3.1 million settlement that it had to pay to a third party after Sky Development, a prior indirect owner of Section 10, perpetrated a real estate fraud. (Doc. #69 at 5). ATIF averred that part of the real estate fraud proceeds were used to secure property purchased by Section 10. (Doc. #69 at 5). Therefore, shortly after bringing the Lis Pendens Action, on May 2, 2007, ATIF recorded a *lis pendens* on the Section 10 property in question. (Doc. #69 at 5).

---

[2] The factual background provided in this Order comes from the Court's September 17, 2015 Order (Doc. #125) that RSUI now seeks reconsideration of.

[3] Defendants in Intervention are hereinafter referred to as "SSC."

[4] There are two additional Defendants in Intervention in this action, Attorneys' Title Insurance Fund, Inc., and Florida Title Co. However, because these parties have "assigned any rights they had related to Section 10's claims with respect to the RSUI policies to Section 10[,]" these parties have "no interest in a potential claim against RSUI and [took] no position on RSUI's [M]otion." (Doc. #101).

In response, Section 10 filed its Answer and Counterclaim ("2008 Counterclaim") against ATIF and FT, asserting not only that the Lis Pendens Action was improper, but also that ATIF's and FT's improper actions caused approximately $40 million in damages to the property in question's value. (Doc. #69 at 5). Section 10 contended that qualified buyers were interested in purchasing the property at issue, but because of concern regarding the *lis pendens*, the buyers backed out, eventually causing Section 10 to default on the loan secured to the property. (Doc. #69 at 8).

Nearly four years after the Lis Pendens Action was originally filed, Section 10 filed an Amended Answer and Counterclaim ("2011 Amendment"). (Doc. #69 at 6). Thereafter, Section 10 filed a Second Amended Answer and Counterclaim ("2013 Amendment") and an independent action against ATIF and FT in the Circuit Court for the Twentieth Judicial Circuit in and for Lee County, Florida ("Section 10 Action"). (Doc. #69 at 6). Because the Lis Pendens Action counterclaims and Section 10 Action had the same underlying factual basis – i.e., that the *lis pendens* was improperly filed and caused damages – on August 20, 2013, the Section 10 and Lis Pendens Actions were consolidated into a single action ("the Consolidated Action"). (Doc. #69 at 6).

Having described the underlying actions preceding the instant action, the Court must take a step back to the 2011 Amendment to explain Intervening Plaintiff RSUI's involvement. In late 2011, RSUI issued a Director's and Officer's Liability ("D&O") insurance policy to ATIF, which had a policy period date of August 31, 2011, until August 31, 2012 ("2011 Policy"). (Doc. #69 at 9). Moreover, during the following year, RSUI renewed ATIF's D&O policy for the period of August 31, 2012, until August 31, 2013 ("2012 Policy"). (Doc. #69 at 9).

Facing potential liability from the 2011 Amendment counterclaim, on or about June 13, 2012, ATIF reported the counterclaim to RSUI for coverage under the 2011 Policy. (Doc. #69 at 8).  Approximately one month later, on July 24, 2012, RSUI sent ATIF a letter, asserting that coverage was not available for the counterclaim associated with the 2011 Amendment.  (Doc. #69 at 8).  Nevertheless, on or about June 11, 2013, and on or about July 29, 2013, ATIF requested additional coverage for the 2013 Amendment counterclaim and the Section 10 Action, respectively.  (Doc. #69 at 8).  Once again, RSUI notified ATIF that it was denying both requests and asserted that both the 2013 Amendment counterclaim and Section 10 Action claims were "substantially similar" to the requested coverage for the 2011 Amendment counterclaim, which had already been denied. (Doc. #69 at 8-9).

Thereafter, on September 9, 2013, ATIF, FT, Section 10, and Sky Property entered into a Global Settlement Agreement and stipulated to a $40 million Consent Judgment for the Consolidated Action.  (Doc. #69 at 9).  As part of the settlement, ATIF and FT agreed to assign their claims and rights under various insurance policies, including the 2011 and 2012 RSUI Policies, to Section 10 and Sky Property in exchange for Section 10 and Sky Property agreeing not to enforce the Consent Judgment against ATIF and FT.  (Doc. #69 at 9). On September 16, 2013, the court in the Consolidated Action approved the Global Settlement Agreement and accompanying Consent Judgment. (Doc. #69 at 9).

As a result of the Global Settlement Agreement and accompanying Consent Judgment, Plaintiffs, Travelers Indemnity Company of Connecticut and St. Paul Fire & Marine Insurance Company, brought the instant action against all parties to the Consolidated Action, seeking a declaratory judgment that no insurance coverage exists

for claims associated with the Consolidated Action. (*See* Doc. #37 at 35-40). On March 26, 2014, RSUI filed a Motion to Intervene (Doc. #60), which the Court granted on April 25, 2014 (Doc. #68). As Intervening Plaintiff, RSUI now seeks its own declaratory judgment against Defendants/Defendants in Interventio. RSUIargues that "no insurance coverage exists under the claims made and reported coverage provided by [the 2011 and 2012 Policies] for [the] [S]ettlement [A]greement and $40 million [C]onsent [J]udgment entered into by Defendants/Defendants in Intervention ATIF, FT, Section 10, and Sky Property." (Doc. #69 at 2). To that end, on July 9, 2014, RSUI filed a Motion for Judgment on the Pleadings, contending that the pleadings illustrate that the claims asserted by Defendants in Intervention are not covered under its policies. (Doc. #92). The Court denied RSUI's Motion on September 17, 2014. (Doc. #125). Now, nearly three months later, RSUI seeks reconsideration of the Court's September 17, 2014 Order.

**Legal Standard**

Reconsideration of a court's previous order is an extraordinary remedy and, thus, is a power that should be used sparingly. *Carter v. Premier Restaurant Management,* 2006 WL 2620302 (M.D. Fla. September 13, 2006) (citing *American Ass'n of People with Disabilities v. Hood,* 278 F.Supp.2d 1337, 1339 (M.D. Fla. 2003)). The courts have "delineated three major grounds justifying reconsideration: (1) an intervening change in the controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." *Susman v. Salem, Saxon & Meilson, P.A.,* 153 F.R.D. 689, 904 (M.D. Fla. 1994). "A motion for reconsideration should raise new issues, not merely readdress issues litigated previously." *Paine Webber Income Props. Three Ltd. Partnership v. Mobil Oil Corp.,* 902 F.Supp. 1514, 1521 (M.D. Fla. 1995). The motion

must set forth facts or law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision. *Carter*, 2006 WL 2620302 at *1 (citing *Taylor Woodrow Construction Corp. v. Sarasota/Manatee Authority*, 814 F.Supp. 1072, 1072-1073 (M.D. Fla. 1993)).

A motion for reconsideration does not provide an opportunity to simply reargue-or argue for the first time- an issue the Court has already determined. *Carter*, 2006 WL 2620302 at * 1. The Court's opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Id.* (citing *Quaker Alloy Casting Co. v. Gulfco Industries, Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988)). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *Mannings v. School Bd. Of Hillsboro County, Fla.*, 149 F.R.D. 235, 235 (M.D. Fla. 1993). "Unless the movant's arguments fall into the limited categories outlined above, a motion to reconsider must be denied." *Carter*, 2006 WL 2620302 at *1.

## Discussion

As grounds for reconsideration, RSUI first argues that "significant factual omissions [from SSC's Response in Opposition to RSUI's Motion for Judgment on the Pleadings] regarding the policy provisions at issue and the existence of contrary authority regarding the Prior or Pending Litigation Exclusion and the Related Claims Condition are extraordinary circumstances that change the factual and legal underpinnings upon which the Court's September 17, 2014 Order was based." (Doc. #139 at 5). In support, RSUI avers that SSC omitted critical language while arguing, "the Pending or Prior Litigation Exclusion was a bargained-for clause that at least conflicted with, if not superseded, the Related-Claims Condition." (Doc. #139 at 6). That critical language, as RSUI explains,

6

is located at the end of the endorsement[5] modifying the Pending or Prior Litigation Exclusion, and provides that "[a]ll other terms and conditions of this policy remain unchanged." (Doc. #139 at 6).

RSUI finds that this omission warrants reversal of the Court's Order because the omitted language illustrates that the Related Claims Condition does not conflict with, and is not altered by, the endorsement. (Doc. #139 at 6). Rather, "[t]he [omitted,] concluding language of the Prior or Pending Litigation Exclusion endorsement would be unnecessary and rendered superfluous if . . . the policy was 'explicitly modified to cover the same claims' via the Prior or Pending Litigation Exclusion endorsement." (Doc. #139 at 7 (quoting the Court's September 17, 2014 Order (Doc. #125 at 11)). Therefore, RSUI believes "a full review of the policy provisions in context leads to the inescapable conclusion that both provisions are clear and unambiguous – as concluded by other Florida courts considering similar provisions." (Doc. #139 at 8).

Without specifying the exact grounds justifying reconsideration, RSUI appears to rely on "the availability of new evidence" to support this first argument. But the Court finds this argument unpersuasive. RSUI appears to misunderstand the Court's September 17, 2014 Order. In the Order, the Court **did not** rule as a matter of law that the Related Claims Condition and Prior or Pending Litigation Exclusion directly conflicted, and therefore coverage is available for SSC's claims. Nor does the Court do so here. Instead, the Court focused on the standard necessary to award judgment on the pleadings: no

---

[5] As fully explained in the Court's September 17, 2014 Order, the endorsement modified the Prior or Pending Litigation Exclusion in the policy at issue so that it applied only to "prior or pending litigation" instituted before May 31, 2003; whereas the typical prior or pending litigation exclusions included in RSUI's policies exclude *all* pending or prior litigation with no temporal limitation. (Doc. #125 at 8-9).

issues of material fact may exist. In fact, the Court explicitly stated as much, holding that "at this stage of the litigation, there are issues of material fact that exist." (Doc. #125).

Specifically, upon reviewing RSUI's Complaint, it was clear RSUI asserted that coverage was unavailable for any claims associated with the Consolidated Action. But in its Answer, SSC denied RSUI's pleadings and asserted its own counterclaims, seeking coverage for the Consolidated Action claims and noting that the Parties' "differing constructions" of the RSUI Policies have led to "disagreement over whether RSUI had a duty to defend and indemnify" those claims. (Doc. #71 at 2-7, 13). "For the purposes of a motion for judgment on the pleadings, all the non-moving party's pleadings are taken as true, and, if denied, the moving party's allegations are taken as false." *Whitehurst v. Liquid Envtl. Solutions, Inc.*, --- F.Supp.3d ----, 2014 WL 4489621, at *6 (M.D. Fla. Sept. 10, 2014) (citations omitted). Accordingly, when taking SSC's pleadings as true and, because they were denied, RSUI's pleadings as false, there is material issue of fact that renders judgment on the pleadings improper at this time.

Florida law provides that "an insurance policy, like other contracts, should be construed or interpreted so as to give effect to the intention of the parties to be determined by the instrument as a whole." *Franklin Life Ins. Co. v. Tharpe*, 178 So. 300, 302 (Fla. 1938). The problem here, however, is that even with the addition of this omitted language, the intent of the Parties is unclear. At this stage of the litigation, there is no explanation regarding why the Parties temporally limited the Prior and Pending Litigation Exclusion at issue to May 31, 2003, and the introduction of this "new evidence" provides no clarification. RSUI simply avers, as it does in its Complaint, that there is an "inescapable conclusion" that when the Court considers the endorsement in consideration with the

8

omitted language, both the Prior or Pending Litigation Exclusion and the Related Claims Condition prevent coverage for SSC's claim.

SSC presents the Court with a "differing construction": the Parties bargained for the modified Prior and Pending Litigation Exclusion in order to ensure that the RSUI Policies did not exclude claims associated with the Consolidated Action. Consequently, an issue of material fact arises regarding whether the Parties specifically modified the Prior or Pending Litigation Exclusion with the intent to ensure coverage for Consolidated Actions claims. If so, the Related Claims Condition and Prior or Pending Litigation Exclusion could *potentially* conflict. That is, the Prior or Pending Litigation Exclusion modification would serve its purpose intended by the Parties and ensure coverage for claims derived from the Consolidated Action while the Related Claims Condition would eviscerate the Parties' intent and exclude coverage. When the Court is faced with conflicting clauses, "the one which affords the most protection to the insured will prevail." *Franklin Life Ins. Co.*, 178 So. at 302. As a result, even with the addition of this "new evidence," when taking SSC's pleadings as true and RSUI's pleadings as false, and viewing all inferences in favor of SSC, the Court finds that there is a genuine issue of material fact that precludes an award of judgment on the pleadings at this stage in the litigation.

As alternative grounds for reconsideration, RSUI argues, "Florida courts have found related claims conditions and prior or pending litigation exclusions clear and unambiguous." (Doc. #139 at 9-20). Once again, RSUI fails to specify the exact grounds justifying reconsideration, but appears to rely on "the need to correct clear error or prevent manifest injustice." The Court disagrees and finds that reconsideration on this basis is

unwarranted. In making its argument, RSUI fails to present any binding precedent that addresses the issue before the Court: whether a modified, *backdated* prior or pending litigation exclusion and related claims condition could conflict. RSUI believes that several federal appellate courts, including the Eleventh Circuit, have addressed this issue. But RSUI overlooks a notable distinction that is common among its citations: the prior or pending litigation exclusion in each of the cited cases either excluded all litigation with no temporal limitation, or, if they did include a temporal limitation, that limitation was the start date of the policy.

For instance, RSUI cites to an unpublished Eleventh Circuit case, *Vozzcom, Inc. v. Great American Insurance Co.,* 374 F. App'x 906, 908 (11th Cir. 2010), for the two propositions. First, RSUI believes that *Vozzcom* illustrates that a related claims condition and prior or pending litigation exclusion can be read in harmony and do not conflict. Second, RSUI believes *Vozzcom* holds that if the Court determines that the Related Claims Condition could exclude SSC's claims, no further examination of the insurance agreement is necessary. As a result, the Court need not even examine the Prior Pending Litigation Exclusion. The Court disagrees with this interpretation.

In *Vozzcom*, the Eleventh Circuit affirmed an award of summary judgment in favor of the insurer, finding that coverage for the insured's claim was not available based on a related claims condition. 374 F. App'x at 907-908. Indeed, the court noted in its analysis that because it affirmed the district court's ruling that coverage was unavailable based on the related claims condition, it "need not consider whether the claim is excluded under other provisions in the insurance policy." *Id.* at 908. Contrary to RSUI's interpretation, the Eleventh Circuit was not holding that a court does not need to consider any other

clause of the contract once it determines that coverage is not available based on one clause. Such a holding would violate well-established Florida law. See *U.S. Rubber Products v. Clark*, 200 So. 385, 388 (Fla. 1941) ("The intent of the parties with respect to any feature of the contract must be determined from an examination of the whole of the contract, and not of disjointed parts of it."). Notably, not a single court has interpreted *Vozzcom* in the same manner as RSUI. Clearly, the Eleventh Circuit simply stated that because it affirmed the district court's decision to deny coverage, its own analysis did not need to proceed further. Because of this decision, the Eleventh Circuit did not even address the existence of a prior or pending ligation clause, nor any possible conflict between clauses in the contract.

Moreover, a review of the district court's order in *Vozzcom* illustrates that the insured did not even raise a clause conflict argument. *Vozzcom, Inc.*, 666 F.Supp.2d 1332 (S.D. Fla. 2009). This is likely because the insurance agreement at issue in *Vozzom* did not backdate the prior or pending litigation exclusion 8 years before the policy period began. *Id.* at 1334. Instead, the only temporal limitation included in the prior or pending litigation exclusion in *Vozzcom* was the start date of the policy. Therefore, all prior or pending litigation was excluded from coverage. The intent of the parties in *Vozzcom* was clear: the policy would exclude either related claims or prior or pending litigation instituted prior to the policy. In contrast, at this stage in the proceedings here, the intent of the Parties is not clear. While one clause would exclude coverage for the Consolidated Action claims, the Parties specifically modified another clause to ensure those claims would not be excluded. Thus, *Vozzcom* fails to persuade the Court that there are no issues of material fact precluding judgment on the pleadings.

RSUI's citations to other federal appellate cases fair no better, as each is distinguishable. Not one of the cases analyzes a backdated prior or pending litigation exclusion. RSUI quotes language from a Third Circuit case in which the court explained that the policy's prior or pending litigation exclusion "effectively restric[ed] coverage to only those claims completely unrelated to any pre-policy dispute." (Doc. #139 at 13 (citing *Bensalem Township v. International Surplus Lines Ins. Co.*, 38 F.3d 1303, 1305 (3d Cir. 1994)). This language affirms the material issue before the Court: the Parties here modified the Prior or Pending Litigation Exclusion to allow pre-policy disputes asserted after May 31, 2003, to evade the exclusion, and the earliest date possible for claims derived from the Consolidated Action is 2008. RSUI cites a Fourth Circuit case in which the court held that the policy's prior or pending litigation exclusion "was plain and clear." (Doc. #139 at 13 (citing *Comerica Bank v. Lexington Ins. Co.,* 3 F.3d 939, 943-44 (6th Cir. 1993)). But that prior or pending litigation exclusion contained no temporal limitation, let alone a backdated one. *See Comerica Bank,* 3 F.3d at 942. RSUI cites a Second Circuit case in which the court found that a wrongful act/prior or pending litigation exclusion to be "clear and unambiguous." (Doc. #139 at 13-14 (citing *Zunenshine v. Executive Risk Indem., Inc.,* 182 F.3d 902 (2d Cir. 1999)). The temporal limitation, however, was the start date of the policy. *Zunenshine,* 182 F.3d at 902.

RSUI concludes its argument by providing citations to two final cases. First, RSUI cites *Acosta, Inc. v. National Union Fire Insurance Co.,* 39 So. 3d 565 (Fla. 1st DCA 2000), as an example of where a court found "in favor of [the] insurer[] after concluding that the insurer[] properly denied coverage based upon [a prior or pending litigation exclusion]." (Doc. #139 at 17). The Court is perplexed as to how this supports RSUI's

reconsideration argument. The RSUI Policy at issue backdated the Prior or Pending Litigation Exclusion to 2003 and RSUI itself avers that the Consolidated Action, and associated claims, arose in 2008. Perhaps if *Acosta* dealt with an insured backdating a policy's prior or pending litigation exclusion to 5 years before any possible act associated with the claim first originated the case would be persuasive. But the facts illustrate this was not the case, so the Court finds *Acosta* unpersuasive. Second, RSUI provides the Court with a single, non-binding case from the Southern District of New York in which the court rejected the insured's argument that a related claims condition and prior or pending litigation exclusion conflicted. *See Nomura Holding Am., Inc. v. Fed. Ins. Co.,* --- F.3d ----, 2014 WL 4473374 (S.D.N.Y. Sept. 11, 2014). Nevertheless, the Court finds this citation unpersuasive. The *Nomura* Court dismissed this argument in two sentences without a single citation to a case that supports its decision. The argument was not even the crux of the court's analysis, but instead, at best, a secondary argument. Not to mention, a decision from the Southern District of New York in no way binds the Court on this issue.

Having pointed out numerous distinctions among RSUI's citations, the Court would like to point out a common theme: every case cited, except for one, involved an order on a motion for summary judgment or an appeal from an order for summary judgment. *See Vozzcom, Inc.,* 374 F. App'x 906 (appeal of an award of summary judgment); *Vozzcom, Inc.,* 666 F.Supp.2d 1332 (award of summary judgment); *Comerica Bank,* 3 F.3d 939 (appeal of an award of summary judgment); *Zunenshine,* 182 F.3d 902 (appeal of an award of summary judgment); *Acosta, Inc.,* 39 So. 3d 565 (appeal of an award of summary judgment); *Nomura Holding Am., Inc.,* --- F.3d at ----, 2014 WL 4473374 (award

13

of summary judgment). As evidenced, summary judgment is likely the better stage of litigation to address this matter. The Court welcomes and encourages the Parties to exercise their right to file a motion for summary judgment on this issue, along with evidentiary support, at the proper time. But that time is not now.

Once again, to ensure RSUI does not misconstrue this Order, the Court would like to clarify that it is not ruling as a matter of law that the Related Claims Condition and Prior or Pending Litigation Exclusion conflict. Nor did the Court do so in its September 17, 2014 Order. Instead, the Court focused on the fact that when addressing and analyzing a motion for judgment on the pleadings, it must view the Parties' respective pleadings in a certain light. In doing so, the Court found that issues of material fact existed. This conclusion rendered an award of judgment on the pleadings improper at that time. RSUI fails to establish extraordinary circumstances that would justify reconsideration of this decision. As a result, at this stage of the litigation, RSUI's Motion must be denied.

Accordingly, it is now

**ORDERED:**

Intervening Plaintiff RSUI Indemnity Company's Motion for Reconsideration (Doc. #139) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida, this 20th day of January, 2015.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record