UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TRAVELERS  INDEMNITY  COMPANY
OF CONNECTICUT and ST. PAUL FIRE
& MARINE INSURANCE COMPANY,

      Plaintiffs,

v.                                                          Case No:  2:13-cv-670-FtM-38DNF

ATTORNEY'S   TITLE   INSURANCE
FUND, INC., FLORIDA TITLE CO.,
SECTION 10 JOINT VENTURE, LLP,
SKY  PROPERTY  VENTURE,  LLC,
CAS   GROUP,   INC.,   STEPHAN,
COLE  &  ASSOCIATES,  LLC  and
INTEGRA   REALTY   RESOURCES
SOUTHWEST FLORIDA, INC.,

      Defendants.

_____/

## ORDER[1]

There are two interrelated motions pending before the Court.  On January 23, 2015, Intervening Plaintiff RSUI Indemnity Company[2] filed a Motion to Join in Plaintiffs' Motion for Partial Judgment on the Pleadings or, in the alternative, Motion to Strike and Abate.  (Doc. #155).  Defendants Section 10 Joint Venture, LLP, Sky Property Venture, LLC, and CAS Group, Inc.[3] filed a Response in Opposition to this Motion on February 9, 2015.  (Doc. #164).   Shortly after, SSC filed a Motion for Leave to File Amended

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.
[2] Hereinafter referred to as "RSUI."
[3] Hereinafter referred to, collectively, as "SSC."

Counterclaims Against RSUI (Doc. #177), to which RSUI filed a Response in Opposition (Doc. #191).  The Motions are now ripe for review.

**Background**

The background of this action has been recited at-length on several occasions. (*See, e.g.,* Doc. #125 at 2-5).  In sum, two individuals orchestrated a vast real estate fraud scheme, resulting in over one hundred investors losing millions of dollars.  One of the victims of this scheme was Defendant Attorney's Title Insurance Fund ("ATIF"), the title insurer for several of the properties involved.  Believing that the two individuals invested their ill-gotten fraud proceeds in a property owned by SSC, ATIF instituted an action in Florida state court against SSC, seeking to recover its losses.  After extensive state-court litigation between SSC and ATIF, the Parties entered into a *Coblentz* agreement.  This agreement granted judgment in favor of SSC for $40 million, but also prevented SSC from enforcing the judgment against ATIF.  Instead, SSC agreed to enforce the judgment against only ATIF's insurers.  RSUI was one of those insurers, providing a "Director's and Officer's Liability Policy" ("RSUI Policy") to ATIF for several years.

After SSC and ATIF entered into the *Coblentz* agreement, two of ATIF's other insurers, Plaintiffs Travelers Indemnity Company of Connecticut and St. Paul Fire & Marine Insurance Company ("Plaintiffs"), filed the instant action, seeking a declaratory judgment that the *Coblentz* agreement is unenforceable against them.  Several months later, RSUI intervened and joined Plaintiffs' position that it is not liable for any of the *Coblentz* agreement judgment either.  Recently, Plaintiffs filed a Motion for Partial Judgment on the Pleadings or, in the alternative, Motion to Strike and Abate. (Doc. #146).  Before the Court ruled on Plaintiffs' Motion, RSUI filed the instant Motion, seeking to join

in the Motion.  (Doc. #155).  SSC filed a Response in Opposition (Doc. #164) and, shortly after, a Motion for Leave to File Amended Counterclaims Against RSUI.  (Doc. #177).

### 1. *SSC's Motion for Leave to Amend its Counterclaim*

#### Legal Standard

Pursuant to the Case Management and Scheduling Order, the deadline to amend pleadings expired on February 10, 2014 (Doc. #57). Motions to amend filed after the Case Management and Scheduling Order deadline are held to the "good cause" standard under Rule 16(b) and should be denied unless the schedule mandated in the scheduling order cannot "be met despite the diligence" of the moving party. *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998).  Because SSC filed its Motion to Amend on March 12, 2015, over one year after the deadline to amend passed, the Rule 16(b) good cause standard governs.

If the Court finds that good cause exists under this standard, then the Court can analyze whether the liberal Rule 15 standard is satisfied as well. Rule 15 provides that leave to amend should be freely given unless there is an undue delay, dilatory motive, or prejudice to the opposing party. *In re Engle Cases*, 767 F.3d 1082, 1108 (11th Cir. 2014). And that a court is required to grant leave to amend a complaint when justice so requires. *Forman v. Davis*, 371 U.S. 178, 182 (1962).

#### Discussion

SSC begins its Motion by focusing on whether it satisfies Rule 16(b)(4)'s good-cause standard.  In attempting to illustrate that it does, SSC points the Court's attention to the fact that RSUI did not intervene in this action until after the Case Management and Scheduling Order's deadline to amend had already expired.  (Doc. #177 at 5).   This, as

SSC explains, is significant as it demonstrates that it was "impossible" for it to seek leave to amend prior to the deadline expiring.  (Doc. #177 at 5).  RSUI, however, adamantly contests SSC's "impossibility" argument.  While RSUI acknowledges that it intervened after the amendment deadline expired, RSUI notes that it has been nearly 10 months since SSC filed its Answer and Counterclaim.  (Doc. #191 at 8).  And during these 10 months, the Court entertained several amendments to the Case Management and Scheduling Order, while SSC never sought to extend the amendment deadline or seek leave of Court to do so.  (Doc. #191 at 8).  RSUI believes that these facts "illustrate the lack of good cause, justification, and diligence on the part of [SSC]."  (Doc. #191 at 6).

The Court is inclined to agree with RSUI, in part.  In its Motion, SSC seeks to amend its Counterclaim to "encompass all relevant issues related to coverage and damages in this matter."  In other words, SSC seeks to add information relating to the preceding state-court litigation and ATIF's interactions with RSUI, and to add a claim for common law bad faith.  With regard to adding details related to the state-court litigation, SSC contends that it did not seek leave to amend prior to filing the instant Motion because "[i]t was not until RSUI's . . . motion practice on the pleadings that RSUI's focus on the 'single claim condition' became clear and it therefore became evident that the tender and rejection of prior pleadings under a prior policy could have importance."  (Doc. #177 at 6).

The Court finds this argument unpersuasive.  The "motion practice on the pleadings" that SSC references was filed on July 8, 2014 (Doc. #92), and ruled on by the Court on September 17, 2014 (Doc. #125).  That means nearly six months passed between the date the Court issued its September 17, 2014 Order and the date SSC filed the instant Motion.  And noticeably absent from SSC's Motion is any explanation detailing

what prevented them from seeking leave to add these already-known facts to their Counterclaim during this extended time period.

Moreover, SSC's reliance on *Hess v. Coca-Cola Refreshments USA, Inc.*, Case No. 8:13-cv-3136-T-33EAJ, 2014 WL 5080258, at *1 (M.D. Fla. Sept. 29, 2014), is misplaced.  There, the court permitted the plaintiff to amend its third-party complaint only after deposition testimony subsequently revealed new, pertinent facts.  *Hess*, 2014 WL 5080258, at *2-3.  In contrast, the facts that SSC seeks to add relate back to 2011 and were well known to SSC at the time RSUI intervened and all times subsequent.  SSC's reliance on *Arnold v. Wausau Underwriters Ins. Co.*, Case No. 13-60299-CIV, 2014 WL 710104, at *1 (S.D. Fla. Feb. 25, 2014), is also misplaced.  There, the court allowed the defendant to amend its answer to replace an already attached insurance policy with a more complete version.  *Arnold*, 2014 WL 710104, at *7.  The Court would probably allow SSC to replace an attachment to its Answer with a more complete version too.  But that is not what is requested.  Instead, SSC seeks to add several paragraphs of factual detail to its Counterclaim – nearly one year after it was filed – that were well known this entire time.  In the Court's view, this illustrates that SSC lacked diligence in pursuing its claim, and, therefore, that Rule 16(b)(4)'s good cause standard has not been met.  *See Sosa*, 133 F.3d at 1419 (finding that Rule 16(b)(4)'s good cause standard is not met where the party lacked diligence in pursuing its claim).

Notwithstanding the above analysis, the Court finds good cause under Rule 16(b) to allow SSC to add a claim for common law bad faith.  Recently, the Court adopted the reasoning that a request for a declaratory judgment that the insurer is liable for the full amount of a *Coblentz* agreement, which exceeds the applicable policy limits, amounts to

the same thing as a claim for bad faith.  (Doc. #185 at 8-9 (following *Mobley v. Capitol Specialty Ins.*, Case No. 13-20636-CIV, 2013 WL 3794058, at *3 (S.D. Fla. July 19, 2013))).  In its Counterclaim, SSC seeks to recover the full amount of the $40 million *Coblentz* agreement judgment against RSUI, despite the fact that the applicable policy limit is $5 million.  (Doc. #71 at 8-14).  This amounts to the same thing as a claim for bad faith.  Clearly, there is good cause under Rule 16(b)(4) to allow SSC to formally add a claim that it has already asserted.  Moreover, there is no indication that this amendment invokes an undue delay, dilatory motive, or prejudice to RSUI, thereby satisfying Rule 15(a) too.

Based on the foregoing, SSC's Motion for Leave to Amend its Counterclaim is granted in part.  The Court grants SSC leave to amend its Counterclaim to add a claim for common law bad faith only.

### 2. *RSUI's Motion to Join in Plaintiffs' Motion for Partial Judgment on the Pleadings or, in the alternative, Motion to Strike and Abate*

### Legal Standard

After the pleadings have closed, but early enough not to delay trial, a party may move for judgment on the pleadings under Federal Rule of Civil Procedure 12(c).  As the Eleventh Circuit explained, "[j]udgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts." *Cunningham v. Dist. Attorney's Office for Escambia Cnty.*, 592 F.3d 1237, 1255 (11th Cir. 2010).  Courts must analyze motions for judgment on the pleadings using the same standards that govern a Rule 12(b)(6) motion to dismiss. *See Guarino v. Wyeth LLC*, 823 F. Supp. 2d 1289, 1291 (M.D. Fla. 2011) *aff'd*, 719 F.3d 1245 (11th Cir. 2013).  Consequently, "[w]hen considering

such a motion, the Court must accept the facts alleged in the complaint as true and draw all inferences that favor the nonmovant." *Id.* (internal citations and quotations omitted).

### Discussion

On January 6, 2015, Plaintiffs filed a Motion for Partial Judgment on the pleadings or, in the alternative, Motion to Strike or Abate. (Doc. #146). In support, Plaintiffs argued that any demand for damages beyond the applicable policies' limits – coming in the form of a bad faith claim – is improper until there is a determination that coverage exists under the applicable policies. (Doc. #146 at 12-21). And, therefore, a partial judgment on the pleadings or abatement is required. The Court agreed and found that abatement was proper, noting that Florida law prohibits a bad faith claim seeking an amount in excess of a policy's limits before a determination of coverage. (Doc. #185 at 9 (citing *Vest v. Travelers Ins. Co.*, 753 So.2d 1270, 1276 (Fla. 2000)). Now, RSUI seeks to join Plaintiffs' Motion and abate SSC's bad faith claim, which is required to recover in excess of the applicable policy limits, until there is a determination that cover is available under the RSUI policy. (Doc. #155 at 3). SSC concedes that such relief is proper at this juncture. (Doc. #177 at 8-9). Therefore, the Court will abate SSC's bad faith claim until a determination that coverage exists under the RSUI policy. *See Mobley*, 2013 WL 3794058, at *3.

Accordingly, it is now

**ORDERED:**

1. Defendants Section 10 Joint Venture, LLP, Sky Property Venture, LLC, and CAS Group, Inc.'s Motion for Leave to File Amended Counterclaims Against Intervening Plaintiff RSUI Indemnity Company (Doc. #177) is **GRANTED in**

**part**.  The Court grants Defendants leave to amend their Counterclaim to add a claim for common law bad faith only.

2. Intervening Plaintiff RSUI Indemnity Company's Motion to Join in Plaintiffs' Motion for Partial Judgment on the Pleadings or, in the alternative, Motion to Strike and Abate (Doc. #155) is **GRANTED**.  To the extent, Defendants Section 10 Joint Venture, LLP, Sky Property Venture, LLC, and CAS Group, Inc.'s Counterclaim seeks damages beyond the policy limits, it shall be **ABATED** until a determination of coverage is made.

**DONE** and **ORDERED** in Fort Myers, Florida, this 21st day of April, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record