UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TRAVELERS INDEMNITY COMPANY
OF CONNECTICUT and ST. PAUL FIRE
& MARINE INSURANCE COMPANY,

       Plaintiffs,

v.                              Case No:  2:13-cv-670-FtM-38CM

ATTORNEY'S TITLE INSURANCE
FUND, INC., FLORIDA TITLE CO.,
SECTION 10 JOINT VENTURE, LLP,
SKY PROPERTY VENTURE, LLC,
CAS GROUP, INC.,

       Defendants,

and

RSUI INDEMNITY COMPANY,

       Intervening Plaintiff,

vs.

ATTORNEY'S TITLE INSURANCE
FUND, INC., FLORIDA TITLE CO.,
SECTION 10 JOINT VENTURE, LLP,
SKY PROPERTY VENTURE, LLC,
CAS GROUP, INC.,

       Defendants in Intervention.

_____/

## ORDER[1]

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

This matter comes before the Court on Defendants Attorneys' Title Insurance Fund, Inc. and Florida Title Company's ("ATIF") Motion for Summary Judgment (Doc. #198) filed on May 8, 2015.  Plaintiffs Travelers Indemnity Company of Connecticut and St. Paul Fire & Marine Insurance Company ("Travelers") and Intervening Plaintiff RSUI Indemnity Company ("RSUI") filed Responses in Opposition on June 19, 2015.  (Docs. ##207, 208).  Thereafter, ATIF requested, and the Court granted, leave to file a Reply. (Doc. #209).  ATIF filed its Reply on June 29, 2015.  (Doc. #211).  The matter is now ripe for review.

## Background

This action derives from a real estate fraud scheme that resulted in years of litigation between the Defendants to this action in Florida state court.  Eventually, all of the parties involved in that litigation entered into a settlement agreement that attempted to shift all liability to one party's insurance providers.  At issue in this action is whether those insurance providers, Travelers and RSUI, are liable for the full, or a partial, amount of that settlement.  Travelers and RSUI insist that they are not, and they each seek, *inter alia*, a declaratory judgment from the Court specifying as much.

## Undisputed Facts

The Florida state court litigation underlying this action began when ATIF sued the other Defendants to this action ("Section 10"), seeking to recover $3 million it had to pay as title insurer for a fraudulently sold property.  (Doc. #37-19 at 3).  The basis for that action was a belief that the sellers who orchestrated the fraudulent sale reinvested their proceeds in a property owned by Section 10 ("the Property"), leading ATIF to assert three claims: equitable lien/constructive trust, injunctive relief, and unjust enrichment ("ATIF

Lawsuit"). (Doc. #37-19 at 3). To ensure potential buyers of the Property were aware of the ongoing litigation, ATIF also recorded a *lis pendens*. (Doc. #37-19 at 3). Section 10 responded by filing Counterclaims for slander of title, wrongful *lis pendens*, declaratory judgment, tortious interference, and wrongful injunction. (Doc. #37-19 at 5). In doing so, Section 10 averred that no fraud proceeds were invested in the Property and that ATIF had one "true intention" in instituting the litigation – to render the Property unmarketable in order to "shake some money out of them. . . ." (Doc. #50-1 at 10).

In addition to filing the Counterclaims, Section 10 also petitioned the state court for an order requiring ATIF to post a bond if it wished to maintain the *lis pendens*. (Doc. #37-19 at 3). ATIF never responded to the court order, but the court never dissolved the *lis pendens* either. (Doc. #37-19 at 3). Sometime later, the state court again ordered ATIF to post a bond, but this time the court set the bond amount at $10 million and gave ATIF a 45-day deadline to do so. (Doc. #37-19 at 3). Yet, ATIF once again failed to post the bond or respond to the court's order. (Doc. #37-19 at 3). The court then renewed its order for a third time, eventually dissolving the *lis pendens* once ATIF failed to respond yet again. (Doc. #37-19 at 3).

A few years later, Section 10 retained new counsel and filed several amendments to its Answer and Counterclaims. (Doc. #37-19 at 5). ATIF tendered these new Amended Counterclaims to its insurance providers, Travelers and RSUI, shortly thereafter. (Doc. #69-8). From 2011 until 2013, RSUI issued ATIF a director and officer's liability insurance policy annually, providing $5 million in coverage. (Docs. ##69-1, 69-2). Moreover, from 2007 until 2012, Travelers issued ATIF commercial general liability and commercial umbrella liability insurance policies annually, providing $1 million and $10 million in

coverage, respectively.  (Doc. #37-19 at 5).  Both Travelers and RSUI denied coverage for the respective claims.  (Doc. #37-21 at 42-43; Doc. #69-9).

Subsequently, Section 10 filed a Second Amended Counterclaim, asserting a single count against ATIF for slander of title.  (Doc. #146-7).  But Section 10 also defaulted on a loan secured by the Property, leading to a foreclosure judgment against it during this same time period.  (Doc. #37-19 at 4).  Due to the foreclosure judgment, ATIF voluntarily dismissed the first two counts of its action – equitable lien/constructive trust and injunctive relief – on the basis that those counts were now moot.  (Doc. #37-19 at 4).  ATIF continued to pursue its unjust enrichment count against Section 10, notwithstanding the foreclosure. (Doc. #37-19 at 4).  Eventually, the court dismissed Section 10's Second Amended Counterclaim.  (Doc. #37-19 at 5).

With only ATIF's unjust enrichment claim left standing, Section 10 filed a new action against ATIF for malicious prosecution related to the ATIF lawsuit ("Section 10 lawsuit").  (Doc. #50-1).  Section 10 averred that it incurred substantial damages as a result of the "unjustified" and "wrongful" *lis pendens*, including significant loss of value to the Property. (Doc. #50-1 at 11).  ATIF forwarded a copy of the complaint for the Section 10 lawsuit to both Travelers and RSUI.  (Doc. #37-19 at 5).  The state court then consolidated the ATIF lawsuit and the Section 10 lawsuit, finding that they shared the same underlying basis.  (Doc. #37-19 at 1).

Travelers responded to ATIF's demand by agreeing to defend ATIF in the newly-consolidated action, but also reserving its rights to initiate a declaratory judgment action to determine the scope of its obligations and, if appropriate, to withdraw from the defense and/or seek recoupment of attorneys' fees and other litigation expenses paid during the

defense.  (Doc. #37-19 at 25).   Meanwhile, RSUI once again denied coverage and reserved its rights.  (Doc. #69-13).   Three days later, ATIF rejected Travelers' offer of a conditional defense.  (Doc. #37-22 at 32).   That same day, the parties to the Consolidated Action executed a *Coblentz* settlement agreement without notice to Travelers or RSUI, and without their consent.  (Docs. ##208-1, 208-2, 208-3).   The *Coblentz* agreement provided that the parties consented to judgment in favor of Section 10 on both ATIF's unjust enrichment claim and Section 10's malicious prosecution claim, resulting in a $40 million judgment against ATIF.  (Docs. ##50-3, 50-4).   Notably, because of the nature of the *Coblentz* agreement, Section 10 agreed to enforce the judgment against only Travelers and RSUI, not ATIF, and received a purported assignment of rights from ATIF to do so.  (Doc. #50-3).

## Legal Standard

An award of summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).   To that end, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).   Such a dispute is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id.*

In determining whether summary judgment is appropriate, the Court evaluates the evidence in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials . . . ."  Fed. R. Civ. P. 56(c)(1)(A).   All evidence, and factual

inferences reasonable drawn from that evidence, must be viewed in the light most favorable to the nonmoving party. *Rioux v. City of Atlanta*, 520 F.3d 1269, 1274 (11th Cir. 2008) (citations omitted). And all reasonable doubts about the facts must be resolved in favor of the non-movant too. *Id.* For it is not the Court's task to "weigh the evidence and determine the truth of the matter," but rather to "determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

## Discussion

ATIF seeks summary judgment in its favor on the basis that it has assigned all rights it has related to this action and the underlying claims to Section 10. In support, ATIF relies on the fact that Travelers and RSUI "admitted, regardless of the outcome of the litigation over the validity of the settlement, assignment, and consent judgment, they will have no obligation to ATIF." (Doc. #198 at 7). Travelers and RSUI, however, adamantly disagree that this issue is that simple.

Both Travelers and RSUI believe that the instant Motion is nothing more than an attempt by ATIF to reargue its misjoinder motion, which the Court denied after finding that the settlement agreement and related assignment of rights that ATIF entered into was at the crux of this litigation. (Doc. #207 at 10-13; Doc. #208 at 10-13). As Travelers and RSUI explain, the Court has not yet ruled on the validity of the settlement agreement at issue. (Doc. #207 at 10-13; Doc. #208 at 10-13). Therefore, a genuine issue remains with regard to ATIF's compliance with their respective policies' conditions, which could affect the validity of the settlement agreement. (Doc. #207 at 10-13; Doc. #208 at 10-13). And should the Court find that the settlement agreement is invalid, Travelers believes there is a possibility that ATIF could be responsible for the costs that Travelers and RSUI

incurred in defending against the invalid settlement agreement, raising yet another genuine issue of material fact.  (Doc. #208 at 13-14).  The Court finds Travelers' and RSUI's respective positions persuasive.

Travelers and RSUI are correct – the Court addressed a nearly identical argument in its Order on ATIF's Motion to Dismiss for Misjoinder.  (Doc. #49).  In doing so, the Court noted, "it is unclear from the record thus far whether the settlement agreement and assignment therein is valid."  (Doc. #49 at 3).  Nothing appears to have changed.  ATIF fails to direct the Court's attention to evidence in the record that illustrates the settlement or assignment at issue are valid.  Instead, ATIF focuses on the fact that Travelers and RSUI have now admitted[2] that regardless of the outcome of this litigation, they have no further obligation to ATIF.  But this fact is not enough to alter the Court's previous analysis.  There are still material issues present that involve ATIF.  Primarily, whether ATIF's and the other state court litigants' actions resulted in a valid assignment, entitling Section 10 to pursue its $40 million judgment against Travelers and RSUI.

ATIF attempts to support its argument by relying on two cases that both analyzed whether the insured should be included in an action that already included the assignee and the insurer.  In *Panopoulos v. Lexington Ins. Co.*, No. 8:13-CV-700-T-33TGW, 2013 WL 2708688 (M.D. Fla. June 12, 2013), the defendant insurer argued that the action must be dismissed because the plaintiff assignee failed to join the insured, a necessary party. The court rejected this argument, finding that because the assignment was valid, it was unnecessary to join the insured.  *Id.* at *3-6.  Likewise, in *Citizens Prop. Ins. Corp. v. Ifergane*, 114 So.3d 190 (Fla. 3d DCA 2012), the court dismissed the defendant insured

---

[2] Travelers and RSUI both expressly objected to the respective requests for admission on several grounds. (Doc. #198-2).

from the action after finding that the assignment was valid and that the assignee was the only party in interest.  At first blush, these cases might appear to support ATIF's argument.  But there is a critical distinguishing factor that both of these cases share – a valid post-loss assignment.

Here, there remain general issues of material fact related to the assignment.  For example, Travelers and RSUI still dispute whether the assignment at issue arose after a loss, as defined under their respective policies.  Central to that issue are ATIF's actions prior to the assignment.   Again, the only evidence that ATIF presents to the Court in support of its Motion are two admissions from Travelers and RSUI that admit, regardless of the outcome of this action, they have no further monetary obligation to ATIF.  These admissions by no means concede that the assignment at issue was valid.  Without such, there remains a genuine issue of material fact, precluding summary judgment in ATIF's favor on the basis that it has assigned any interest it has in this litigation.

ATIF also avers that summary judgment in its favor is appropriate because a declaratory action can proceed solely between an assignee and an insurer.  To support this argument, ATIF provides the Court with numerous citations, including *Pozzi Window Co. v. Auto-Owners Ins. Co.*, 429 F.Supp.2d 1311 (S.D. Fla. 2004).  The interesting aspect of *Pozzi Window Co.* is not that it illustrates it is possible for an assignee and an insurer to litigate issues without the insured's presence; it is the timing of when the insured was dismissed from that action.

There, the plaintiff assignee sued the defendant insurer, seeking to recover on the insurance rights assigned to it by the insured as part of a settlement reached in separate litigation.  *Pozzi Window Co.*, 429 F.Supp.2d at 1314.  The defendant insurer then filed a

third-party complaint against the insured, seeking, *inter alia*, a declaratory judgment that it had no duty to pay any judgment entered against the insured in the separate litigation. *Pozzi Window Co. v. Auto-Owners Ins. Co.*, No. 1:02-cv-23093-EGT, FLSD Docket #23 (S.D. Fla. Apr. 29, 2003).  In response, the insured filed a motion for judgment on the pleadings, presenting the same argument that ATIF presents here – i.e., because it had assigned its rights, it has no interest in the action. *Pozzi Window Co.*, No. 1:02-cv-23093-EGT, FLSD Docket #67 (S.D. Fla. Dec. 30, 2003).  Significantly, the court waited until after it determined that the defendant insurer breached its duty to defend – because the complained-about damages were covered under the applicable insurance policy – to grant the insured's motion. *Pozzi Window Co.*, No. 1:02-cv-239093-EGT, FLSD Docket #91 (S.D. Fla. Feb. 20, 2004).  At best, *Pozzi Window Co.* illustrates that dismissing ATIF at this stage in the litigation would be premature.  There has been no determination that there is coverage under either of the policies at issue or even that the assignment was valid.

The other citations provided by ATIF for this same proposition fair no better.  In each of the cases, the insured was not involved in the litigation, or if it was at some point, the claim against it was withdrawn.  *See Sinni v. Scottsdale Ins. Co.*, 676 F.Supp.2d 1319 (M.D. Fla. 2009) (while the insured was originally included in the action, subsequent amended complaint removed any claims against insured); *Bradfield v. Mid-Continent Cas. Co.*, 15 F.Supp.3d 1253 (M.D. Fla. 2014) (assignee brought claim against insurer, never involved the insured); *Ahern v. Odyssey Re (London) Ltd.*, 788 So.2d 369 (Fla. 4th DCA 2001) (assignee brought claim against insurer, never involved the insured).  None of these cases involved the insurer seeking a declaratory judgment against both the insured

and the assignee, where the court dismissed the insured because it no longer had any interest in the action.

Without presenting more than admissions illustrating neither Travelers nor RSUI believe they are obligated for payment of indemnity (or anything else) to ATIF regardless of who succeeds in the instant action, ATIF has failed to meets its burden of illustrating that no genuine issue of material fact exists.  Consequently, the Motion must be denied.

Accordingly, it is now

**ORDERED:**

Defendants, Attorneys' Title Insurance Fund, Inc. and Florida Title Company's Motion for Summary Judgment (Doc. #198) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida, this 15th day of July, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record