## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

TRAVELERS INDEMNITY
COMPANY OF CONNECTICUT and
ST. PAUL FIRE & MARINE
INSURANCE COMPANY,

      Plaintiffs,

v.                                  Case No:  2:13-cv-670-FtM-38CM

ATTORNEY'S TITLE
INSURANCE FUND, INC.,
FLORIDA TITLE CO., SECTION
10 JOINT VENTURE, LLP, SKY
PROPERTY VENTURE, LLC, CAS
GROUP, INC., STEPHAN, COLE
& ASSOCIATES, LLC and
INTEGRA REALTY RESOURCES
SOUTHWEST FLORIDA, INC.,

      Defendants.

_____

## ORDER

Before the Court is Defendant, Section 10 Joint Venture, LLP's Motion to Compel Documents From Plaintiffs, Travelers Indemnity Company of Connecticut and St. Paul Fire & Marine Insurance Company (Doc. 218) filed on September 16, 2015.  On October 23, 2015, Plaintiffs filed their Memorandum in Opposition to Defendant Section 10 Joint Venture LLP's Motion to Compel.  Doc. 235.  On October 23, 2015, Plaintiff filed a request for oral argument.  Doc. 236.  The Court is satisfied with the written submissions of the parties and determines that oral argument is not necessary to resolve the issues presented in the Motion.  The

Motion, therefore, is now ripe for review. For the reasons that follow, the Motion is due to be denied.

## Background

The background in this action has been recited at length on several occasions. *See, e.g.,* Docs. 125 at 2-5, 185 at 2-6.   From 2004 to 2006, two individuals engaged in a real estate fraud scheme that resulted in numerous victims losing millions of dollars.   Doc. 185 at 2.   One of the victims of the scheme was Defendant Attorney Title Insurance Fund ("ATIF"), the title insurer for several of the properties involved. *Id.*   After paying $3.1 million in damages, ATIF attempted to trace the fraud proceeds gained by the individuals to other properties in which they invested.   *Id.* Believing that the two individuals invested their fraud proceeds in a property owned by Section 10 Joint Venture, LLP ("Section 10"), ATIF instituted an action in Florida state court against Section 10 to recover its losses.   *Id.*

In April 2007, ATIF filed its complaint against Section 10 for equitable lien/constructive trust, injunctive relief, and unjust enrichment in Lee County, Florida ("ATIF action").   Doc. 218 at 3.   Shortly after filing its complaint, ATIF recorded a *lis pendens* on the property subject to the ATIF action.   *Id.*   The Court ordered ATIF to post a $10 million bond to maintain the *lis pendens* or it would automatically dissolve. *Id.*   The *lis pendens* continued to encumber the property until January 7, 2009, when it dissolved due to ATIF's failure to post bond.   *Id.*

In December 2011, Section 10 filed counterclaims against ATIF for slander of title and tortious interference.   *Id.*   Section 10 alleged that ATIF wrongfully

recorded and maintained the *lis pendens* which prevented the sale of the Section 10 property.   *Id.* at 3-4.   ATIF reported the counterclaim to one of its insurers, Travelers Indemnity Company of Connecticut ("Travelers"), for a defense.   *Id.*   On August 10, 2012, Travelers sent a letter to ATIF denying a defense due to several policy limitations and exclusions.   *Id.*   On December 5, 2012, Travelers sent a notice to ATIF that it was closing its file on the matter.   *Id.*

On April 5, 2013, Section 10 filed a motion seeking to amend its counterclaims against ATIF and include additional counterclaims for slander of title, malicious prosecution, abuse of process, declaratory judgment, and recoupment ("proposed 2013 Counterclaims").   Doc. 218 at 4.   On April 23, 2013, ATIF and Section 10 attended mediation, which focused largely on the proposed 2013 Counterclaims.   *Id.* at 6-7. On June 11, 2013, ATIF counsel wrote to Travelers to seek a defense for the proposed 2013 Counterclaims and informed Travelers of Section 10's desire to resolve the case. *Id.* at 7.   On June 19, 2013, the primary claim handler for Travelers responded to ATIF and notified it that without an operative pleading, it could not speculate whether Travelers is obligated to defend the proposed 2013 Counterclaims.   *Id.*

On July 24, 2013, Section 10 filed a new lawsuit in state court against ATIF alleging malicious prosecution as its only cause of action ("malicious prosecution action").   Doc. 218 at 7.   On July 29, 2013, ATIF counsel forwarded the malicious prosecution action to Travelers.   *Id.*   On August 1, 2013, ATIF sent the order granting Section 10's motion to amend its counterclaims and permit it to file the proposed 2013 Counterclaims.   *Id.* at 8.   Because the ATIF action and the malicious

prosecution action had the same underlying factual basis – that the *lis pendens* was improperly filed and caused damages to Section 10 on August 10, 2013, the two actions were consolidated into a single action ("the consolidated action").   Doc. 125 at 3.   On September 6, 2013, in response to ATIF's request for a defense, Travelers issued a letter to ATIF alleging several policy exclusions.   Nonetheless, Travelers agreed to offer a conditional defense to ATIF in the consolidated action, subject to a reservation of rights.   *Id.*

On September 9, 2013, ATIF notified Travelers that it was rejecting Travelers' offer of a conditional defense.   *Id.*   That same day, ATIF and Section 10 entered into a *Coblentz* agreement in the consolidated action, the terms of which included a consent judgment of $40 million against ATIF, payment by ATIF to Section 10 of $40 million in cash, and quitclaim of multiple properties owned by ATIF to Section 10. *Id.* at 9.   The Agreement allowed for enforcement of the judgment only against ATIF's insurers.   Doc. 195 at 2.   On September 13, 2013, the court in the ATIF action approved the *Coblentz* agreement and entered a final judgment against ATIF. Doc. 118 at 9.

On September 18, 2013 Travelers and St. Paul Fire & Marine Insurance Company, two of ATIF's insurers,[1] filed the instant declaratory judgment action in this court seeking a determination that the *Coblentz* agreement is not enforceable

---

[1] RSUI Indemnity Company, the intervening Plaintiff in this action, was another insurer of ATIF which provided a "Director's and Officer's Liability Policy" to ATIF for several years.   Doc. 195 at 2.   Because Plaintiffs filed their Memorandum in Opposition to the instant motion jointly, RSUI Indemnity Company and Travelers will be collectively referred to as the "Travelers Plaintiffs" hereafter.

against them.   In response, Section 10, Sky Property Venture, LLC, and CAS Group, Inc. filed counterclaims against the Travelers Plaintiffs for declaratory judgment and breach of contract.   (Doc. 50).

On January 6, 2015, the Travelers Plaintiffs filed a Motion for Partial Judgment on the Pleadings or, in the alternative, Motion to Strike or Abate.   Doc. 46.   On March 24, 2015, the district court granted this motion in part.   Doc. 185. The court held that "there are three requirements to enforce a Coblentz agreement against an insurer: (1) the policy must cover the damages; (2) the insurer must wrongfully refuse to defend; and (3) the settlement must be reasonable and made in good faith."  Doc. 185 at 8.   (*citations omitted*).   Additionally, in order to enforce the *Coblenz* agreement in excess of the policy limits,[2] Section 10 must prove that the Travelers Plaintiffs acted in bad faith.   *Id.*   The district court held, however, that the bad faith claim must be abated until coverage is determined.  *Id.*   Thus, the district court ordered that the claim for money in excess of the applicable policy limits is abated until there is a determination of whether coverage exists under the policies. Doc. 185. At 13.

I.   Discovery at Issue

Section 10 seeks the following documents from the Travelers Plaintiffs:

1.  All records, including electronically stored information, documenting communications between Plaintiffs and any Defendant to this litigation.

---

[2] The Travelers policy provided $1 million in coverage and the St. Paul Fire & Marine Insurance Company policy provided $10 million in additional coverage, whereas the Coblenz agreement settled the claims between Section 10 and ATIF for $40 million.

2. All claim log or diary notes entered during the pendency of the ATIF Action or the Section 10 Action.

3. All records pertaining to "roundtable" meetings relating to the subject matter of this lawsuit, including records from the "Business Torts Roundtables," generated during the pendency of the ATIF action or Section 10 action.

Doc. 218 at 10-11.   The Travelers Plaintiffs have produced privilege logs.   In essence, the specific documents at issue are:

1.     Unredacted copies of Traveler's log notes, from July 30, 2012 through February 20, 2014;

2.     Two of Traveler's business torts roundtable meeting forms dated August 2, 2013 and September 6, 2013;

3.     One e-mail string that contains four separate e-mails dated September 6, 2013 through September 9, 2013.

*See* privilege logs at 218-2 through 218-6.

## II.   Analysis

Eleventh Circuit precedent provides that although state law controls substantive issues in a diversity action, federal law governs the admissibility of evidence.   *Peat, Inc. v. Vanguard Research, Incorp.,* 378 F.3d 1154, 1159 (11th Cir. 2004).   Pursuant to the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense-including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter."   Fed. R. Civ. P. 26(b)(1).   "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."   Fed. R. Civ. P. 26(b)(1).

Relevancy is determined based on the "tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action." Fed. R. Evidence 401. The discovery sought, however, must not impose an undue burden or be unreasonably cumulative under the standards set forth in Rule 26(b)(2)(C).

Even if all of the above requirements are met, an opposing party generally is not required to respond to discovery requests if that party claims and demonstrates application of an appropriate privilege or protection. The Travelers Plaintiffs argue that the discovery sought is part of their claims file, and is relevant only to a bad faith claim, which has been abated by the district court. Doc. 235 at 5. Alternatively, the Travelers Plaintiffs argue that the discovery sought is protected by the attorney-client privilege and/or the work-product doctrine. Id. The Travelers Plaintiffs state that they have produced the only documents and information in their claims file that could relate to whether coverage exists, and withheld only "limited, purely internal claims-handling documents [that] have no bearing on whether coverage exists." Doc. 235 at 6-7.

This court previously has held that claims files are not discoverable when a breach of contract claim is at issue prior to the bad faith claim being ripe. *Gavin's Ace Hardware, Inc. v. Federated Mutual Insurance Company,* 2011 WL 5104476, at *3 (M.D. Fla. Oct. 27, 2011). But, "[t]o the extent . . . that any documents responsive to the [discovery request] are not contained in the claims file, they are due to be produced." *Id.* Section 10 does not argue that there are documents contained

outside the claims file that have not been produced but are responsive to the discovery requests.   As stated, the Travelers Plaintiffs claim that they have even produced documents within their claims file that could be relevant to the breach of contract issue.   Specifically, documents produced by the Travelers Plaintiffs include:

> "all of those portions of its claim file, including log notes, relating to the ATIF/Section 10 matter that reflected communications with any third parties up through September 9, 2013, the date that . . . the parties entered into the Goblentz settlement agreement . . . The documents produced by Travelers included all communications with ATIF and its counsel, among others, whether by email, and any internal claims notes memorializing such communications, including any hand-written notes."

Doc. 235 at 2.   Because the Travelers Plaintiffs separated the documents responsive to the discovery requests, and produced those documents that could relate to whether coverage exists, Section 10's Motion with respect to compelling the remaining documents is premature and due to be denied.

The Court deems it necessary to address Section 10's arguments regarding discoverability of the claims file.   Section 10 claims that an insurer's claim file is relevant in insurance coverage cases governed by Florida substantive law, including actions for breach of contract.   Doc. 218 at 14.   In support of this proposition, Section 10 cites *Mobley v. Capital Specialty Ins.,* 2013 WL 3794058 (S.D. Fla. 2013, Jul. 19, 2013).   The court in Mobley, held that "if evidence is relevant to the bad faith claim, and is also relevant to the underlying coverage claim, then that evidence is discoverable."   *Id.* at 4.   In Mobley, the request was for "[a]ll documents and all claims files relating in any way to the insured..."   *Id.* at 2.   There, the defendant "made no effort to separate any contended documents that are relevant for both the

breach of contract claim and the bad faith/declaratory judgment claim from those that are only relevant to the bad faith/declaratory judgment claim." *Id.* at 5.   In sum, the court in Mobley denied the defendant's motion for protective order to the extent that any discovery requests did not relate solely to the bad faith claim.   Similarly, Section 10 also cites *Milinazzo v. State Farm, Ins. Co.,* 247 F.R.D. 691, 696 (S.D. Fla. 2007), which also held that "discovery geared solely towards Plaintiff's bad faith claim is premature and irrelevant at this stage, and thus not subject to discovery." *Id.* Even applying this analysis, unlike the defendant in *Mobley*, the Travelers Plaintiffs in this case took the steps to separate the documents that could be relevant to the breach of contract action and produced them to Section 10.

Because the Court holds that the remaining documents contained in the Travelers Plaintiffs' claims file are not discoverable unless and until the bad faith claim is ripe, it does not need to reach the issue of whether these documents are protected by the attorney-client privilege or the work-produce doctrine.   Accordingly, Section 10's argument that the Travelers Plaintiffs have waived the work-product and attorney-client privileges through "issue injection" because they have asserted that ATIF breached the cooperation clause of the policy is not ripe for review. Section 10 can renew this motion if and when the bad faith claim becomes ripe.

ACCORDINGLY, it is hereby

**ORDERED:**

Defendant, Section 10 Joint Venture, LLP's Motion to Compel Documents From Plaintiffs, Travelers Indemnity Company of Connecticut and St. Paul Fire & Marine Insurance Company (Doc. 218) is **DENIED without prejudice**.   Section 10 may renew its motion if and when the bad faith claim becomes ripe.

**DONE** and **ORDERED** in Fort Myers, Florida on this 9th day of November, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record