UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TRAVELERS INDEMNITY COMPANY
OF CONNECTICUT and ST. PAUL
FIRE & MARINE INSURANCE
COMPANY,

       Plaintiffs,

v.                                              Case No:  2:13-cv-670-FtM-38CM

ATTORNEY'S TITLE INSURANCE
FUND, INC., FLORIDA TITLE CO.,
SECTION 10 JOINT VENTURE,
LLP, SKY PROPERTY VENTURE,
LLC, CAS GROUP, INC., STEPHAN,
COLE & ASSOCIATES, LLC and
INTEGRA REALTY RESOURCES
SOUTHWEST FLORIDA, INC.,

       Defendants.
_____/

### **ORDER**[1]

This matter comes before the Court on Defendant Section 10 Joint Venture, LLP's Objections to Magistrate Judge's Order (Doc. #240) filed on November 23, 2015. Plaintiffs Travelers Indemnity Company of Connecticut and St. Paul Fire & Marine Insurance Company filed a Response in Opposition (Doc. #244) on December 21, 2015. The matter is ripe for review.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

**Background**

The background of this action has been recited at length on several occasions, and need not be fully repeated here.  *See, e.g.,* (Doc. #185 at 2-6).  Plaintiffs Travelers Indemnity Company of Connecticut and St. Paul Fire & Marine Insurance Company (hereinafter collectively referred to as "Travelers") are insurers who provided a commercial general liability insurance policy and a specialty commercial umbrella liability insurance policy, respectively, to Defendant Attorney's Title Insurance Fund, Inc. ("ATIF"). While these policies were in effect, ATIF engaged in state court litigation for several years with Defendants Section 10 Joint Venture, LLC, Sky Property Venture, LLC, and CAS Group, Inc. (hereinafter collectively referred to as "SSC") relating to a vast real estate fraud scheme operated by two individuals who are not involved in this action.

The underlying state court action eventually settled, resulting in a $42 million consent judgment against ATIF in the form of a *Coblentz* agreement.  Through this agreement, SSC agreed to enforce the substantial judgment against only ATIF's insurers, including Travelers.   Faced with the prospect of being liable for a $42 million judgment, Travelers filed this action against ATIF and SSC seeking a declaratory judgment that the judgment is not covered under any of the insurance policies.  Having secured ATIF's rights in the insurance agreements, SSC filed a counterclaim for breach of contract.

Recently, Section 10 filed a Motion to Compel ("Motion") asking the Court to compel Traveler's to turn over: (1) unredacted copies of Traveler's log notes, from July 30, 2012 through February 20, 2014; (2) two of Traveler's business torts roundtable meeting forms dated August 2, 2013, and September 6, 2013; and (3) an email string that contains four separate emails dated September 6, 2013, through September 9, 2013.

Magistrate Judge Mirando denied the Motion, finding the requested discovery was not relevant at this stage in the proceeding. Section 10 now objects to Judge Mirando's Order.

## Standard

Federal Rule of Civil Procedure 72(a) allows a party to object to a non-dispositive order issued by a magistrate judge. Fed. R. Civ. P. 72(a). To prevail, the objecting party must "establish that the order is clearly erroneous or contrary to law." *Howard v. Hartford Life & Acc. Ins. Co.*, 769 F. Supp. 2d 1366, 1372 (M.D. Fla. 2011); *see also Slater v. Progress Energy Serv. Co., LLC*, No. 8:09-cv-208, 2010 WL 1408431, at *2 (M.D. Fla. Apr. 6, 2010). "Clear error is a highly deferential standard of review." *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005) (citation omitted). "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* "A magistrate's order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Malibu Media, LLC v. Doe*, 923 F. Supp. 2d 1339, 1347 (M.D. Fla. 2013) (citations omitted). "Moreover, a magistrate judge is afforded broad discretion in issuing non-dispositive pretrial orders related to discovery." *Id.* (citations omitted).

## Discussion

Section 10 misinterprets the relief available under Rule 72. This rule does not, as Section 10 seems to believe, allow a party to obtain a second opinion on its motion without providing a reasonable basis for doing so – i.e., explaining how the magistrate judge's order was clearly erroneous or contrary to law. Yet the majority of Section 10's Objection

simply repeats the same arguments that it made in its Motion (Doc. #218) without any explanation for how or why Judge Mirando erred in analyzing those arguments. (Doc. #240 at 13-19). It is not until the nineteenth page of the Objection that Section 10 finally specifies how it believes Judge Mirando erred: "The Magistrate Judge's Order was clearly erroneous and/or contrary to law because it failed to recognize that the discovery sought is relevant to Travelers' assertion that ATIF breach its duty to cooperate." (Doc. #240 at 19).

A review of Section 10's Motion, however, reveals Section 10 never argued the requested discovery should be produced because it is "relevant to Travelers' claim that it was prejudiced by ATIF's alleged noncooperation." Section 10 argued that the requested discovery should be produced because it does not qualify for either the work product or attorney client privilege. (Doc. #218 at 13-19). And even if these privileges were available, Traveler's waived them through "issue injection." (Doc. #218 at 13-19). The only mention of relevancy is found at the very beginning of Section 10's Motion. There, Section 10 provided two sentences relating to insurance claim files and relevancy. The first sentence noted, "[c]ourts applying the discovery standard under the federal rules of civil procedure have determined that an insurer's claim file is relevant in insurance coverage cases governed by Florida substantive law, including actions for breach of contract." (Doc. #218 at 14). The second provided, "[i]n an insurance coverage case, relevant discovery extends to documents and testimony relating to the investigation, processing and analysis of an insured's claim." (Doc. #218 at 14). But beyond these two sentences, Section 10 failed to make a single substantive argument contending the requested discovery is relevant to the noncooperation issue. On that basis alone, the

Court may overrule Section 10's Objection. See *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) (holding that "a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge").

Indeed, it is likely that Section 10 assumed relevancy was not an issue and proceeded directly to analyzing whether the requested discovery was protected by any applicable privilege. But Judge Mirando disagreed and focused, *sua sponte*, on relevancy, finding that the requested discovery was not relevant until Section 10's bad faith claim becomes ripe. Section 10 argues that this analysis was clearly erroneous by focusing and distinguishing cases cited by Travelers in its Response to the Motion. This argument misses the mark. Section 10 must show how Judge Mirando's analysis was clearly erroneous, not respond to an argument that Judge Mirando did not rely upon in the Order.

Having failed to illustrate that Judge Mirando's analysis was clearly erroneous, Section 10's only avenue for Rule 72 relief is illustrating that Judge Mirando's analysis was contrary to law. To do so, Section 10 must present binding precedent analyzing the issue before the Court today: Is an insurer's entire claim file[2] discoverable on relevancy grounds when the insurer has asserted a noncooperation defense? Section has failed to present *any* binding precedent on this issue. Instead, Section 10 cites four cases dealing with insurance claim files and relevancy from our sister district, without any application to the facts of this action. These cases do not constitute binding precedent. Nor do they illustrate Judge Mirando's ruling was contrary to law.

---

[2] Notably, Travelers avers it has "separated the documents responsive to the discovery requests, and produced those documents that could relate to whether coverage exists." (Doc. #239 at 8 (citing Doc. #235 at 2)). This includes documents from within its claims file. (Doc. #235 at 2).

5

Because Section 10 has failed to illustrate that Judge Mirando's November 9, 2015 Order (Doc. #239) was clearly erroneous or contrary to law, Section 10's Objection must be overruled.

Accordingly, it is now

**ORDERED:**

Defendant Section 10 Joint Venture, LLP's Objections to Magistrate Judge's Order (Doc. #240) is **OVERRULED**.

**DONE** and **ORDERED** in Fort Myers, Florida, this 13th day of January, 2016.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record