UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TRAVELERS INDEMNITY
COMPANY OF CONNECTICUT and
ST. PAUL FIRE & MARINE
INSURANCE COMPANY,

      Plaintiffs,

v.

ATTORNEY'S TITLE
INSURANCE FUND, INC.,
FLORIDA TITLE CO., SECTION
10 JOINT VENTURE, LLP, SKY
PROPERTY VENTURE, LLC, CAS
GROUP, INC., STEPHAN, COLE
& ASSOCIATES, LLC and
INTEGRA REALTY RESOURCES
SOUTHWEST FLORIDA, INC.,

      Defendants.

Case No: 2:13-cv-670-FtM-38CM

## ORDER

This matter comes before the Court upon review of Plaintiffs Travelers Indemnity Company and St. Paul Fire & Marine Insurance Company and Intervening Plaintiff RSUI Indemnity Company's Motion to Strike Shirin Vesely Errata Sheet or, in the Alternative, Motion for Leave to Reopen Shirin Vesely Deposition and Incorporated Memorandum of Law (Doc. 251) filed on January 22, 2016. On February 8, 2016, Defendant Section 10 Joint Venture LLP filed a response to the motion. Doc. 255. With leave of Court, Plaintiffs Travelers Indemnity Company and St. Paul Fire & Marine Insurance Company and

Intervening Plaintiff RSUI Indemnity Company filed a reply. Doc. 258. For the reasons that follow, the motion is due to be granted.

Background

This lawsuit stems from an underlying Florida state court action in which Defendants Attorney Title Insurance Fund ("ATIF") and Section 10 Joint Venture, LLP ("Section 10") entered into a *Coblentz* agreement, the terms of which included a consent judgment of $40 million against ATIF, collectible only against ATIF's insurers. Doc. 239 at 4. Travelers Indemnity Company of Connecticut ("Travelers") and St. Paul Fire & Marine Insurance Company ("St. Paul Fire"), two of ATIF's insurers,[1] filed the present declaratory judgment action seeking a determination that the *Coblentz* agreement is not enforceable against them. Docs. 1, 37. The reasonableness of the settlement amount is an issue in this case. Doc. 251 at 3.

Shirin Vesely, a trial attorney with more than two decades of litigation experience, is co-counsel for Section 10 Joint Venture LLP ("Section 10") in this case. Doc. 251-1 at 5-8. She represented Section 10 in the state court action and in negotiations with ATIF regarding the *Coblenz* agreement. Doc. 251 at 2. Ms. Vesely was deposed in this action as the corporate representative of Section 10 and in her individual capacity. Docs. 251 at 3. On November 21, 2015, Ms. Vesely was deposed; however, the parties dispute whether she was deposed in her individual capacity or as corporate representative on this date. *Id.*; Docs. 255 at 2, 255-1 at 2.

---

[1] RSUI Indemnity Company, the intervening Plaintiff in this action, was another insurer of ATIF. Because Plaintiffs and Intervening Plaintiff filed the instant motion jointly, they will be collectively referred to as the "Plaintiffs" hereafter.

During the deposition, Ms. Vesely testified that she had authority from her client, Section 10, to accept $11 million policy limits, and had authority to accept policy limits conditioned on a determination of coverage. Doc. 251-4 at 12. She testified that all of her communications with the coverage counsel for ATIF, Mr. Tom Elligett, in the underlying state court action were verbal. *Id.* at 153-54. She testified that while it was never in a form of formal written demand, based on her discussions with Mr. Elligett, it was "generally understood" that Section 10 would settle its claims against ATIF for $11 million. *Id.* at 5-14.

Subsequent to her deposition, Ms. Vesely made ten changes to her November 21, 2015 testimony via an errata sheet. To illustrate the nature of the changes, some of those responses and changes will be outlined here. In response to counsel's question whether Section 10 ever conveyed a demand for $11 million to settle its claims against ATIF, Ms. Vesely answered, "I can safely say that Tom knew or recognized that my clients would have gladly settled with Travelers for policy limits if Travelers had stepped in at that point. And that's based on my general recollection, my general discussions." Doc. 251-4 at 7-8. In her errata sheet to correct this testimony, Ms. Vesely wrote "Section 10 does not know what Mr. Elligett knew or recognized regarding the willingness of Section 10 to settle with Travelers/St. Paul for policy limits." Doc. 251-5 at 2. In response to counsel's question whether at any point between the parties' mediation on April 23,[2] and the parties' execution of the Coblenz agreement on September 9, 2013, Section 10 advised ATIF that it would

---

[2] Counsel did not specify the year.

settle with ATIF for $11 million, Ms. Vesely responded, "[v]erbally, there'd no question that there was discussion with Tom Elligett that we would have accepted -- I mean there wasn't in a written demand…"  Doc. 251-4 at 10.  In her errata sheet to correct this testimony, Ms. Vesely writes "Section 10 is unaware of any communication to ATIF or its representatives regarding the willingness of Section 10 to settle with Travelers/St. Paul for policy limits prior to the signing of the Coblenz Agreement."  Doc. 251-5 at 2.  Counsel followed up in this general line of questioning whether Section 10 informed ATIF that it would be willing to settle for the $11 million policy limits, and Ms. Vesely responded throughout her deposition, "that was communicated," "I'm telling you what we discussed generally with Tom Elligett," and "I believe that was communicated to Tom not in the form of a demand, so to speak, but in general that was acceptable to my clients."  Doc. 251-4 at 5-14.  Each of these responses also were changed to "Section 10 is unaware of any communication to ATIF or its representatives regarding the willingness of Section 10 to settle with Travelers/St. Paul for policy limits prior to the signing of the Coblenz Agreement."  Doc. 251-5 at 2.  The remaining questions, answers, and corrected testimony is similar to the examples outlined here.

Plaintiffs move to strike the errata sheet completed by Ms. Vesey to correct her November 21, 2015 deposition testimony.  They argue that the errata sheet is untimely, fails to provide the reasons for the changes made, and improperly purports to make substantive and contradictory changes to her sworn testimony.  Doc. 251 at 2.  In the alternative, they argue that the Court should enter an order reopening Ms.

Vesey's deposition, at her or her client's expense, so that Plaintiffs may inquire into the issues surrounding the errata sheet answers. *Id.* They also request that in the event her deposition is reopened, they should be able to present both versions of Ms. Vesey's testimony to the trier of fact. *Id.*

Section 10 responds by arguing that the errata sheet was timely, and that substantive changes to deposition testimony are proper via an errata sheet. Doc. 255. Section 10 explains that Ms. Vesey believed that the reasons for the changes in the errata sheet were self-evident. Doc. 255 at 6. In order to comply with the "strict procedural requirements" of Rule 30(e), which it recognizes exist, Section 10 requests leave of Court to extend the time to supplement the errata sheet through an affidavit by Ms. Vesely explaining her reasons for the changes. *Id.*; Doc. 255-1. Section 10 does not object to the alternative relief requested, and agrees to produce Ms. Vesey for another deposition. Doc. 255 at 12. The Court first will address each of the alleged Rule 30(e) violations below, then, Section 10's request for leave to supplement the errata sheet.

## Discussion

### A. Timing

Rule 30(e), Federal Rules of Civil Procedure, sets forth the procedures for a deponent to review and make changes to deposition testimony. Pursuant to Rule 30(e):

> (1) On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:

> (A) to review the transcript or recording; and
>
> (B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.
>
> (2) . . . The officer must note in the certificate prescribed by Rule 30(f)(1) whether a review was requested and, if so, must attach any changes the deponent makes during the 30-day period.

Fed. R. Civ. P. 30(e). Rule 30(e) calls for "strict compliance with [its] procedural requirements." *Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1304 (11th Cir.2010) (Tjoflat, dissenting).[3] *See also United Subcontractors, Inc.* v. Darsey, No. 3:13-CV-603-J-99TJC, 2013 WL 5927946, at *2 (M.D. Fla. Nov. 5, 2013). Absent a court-approved extension, the failure to submit a timely errata sheet may result in the party's waiver of the opportunity to make corrections to her deposition testimony. *See Welch v. Mercer Univ.*, 304 F. App'x 834, 837-38 (11th Cir. 2008) (affirming district court's decision to strike an errata sheet filed more than one month too late); *Hambleton Bros. Lumber Co. v. Balkin Enterprises, Inc.*, 397 F.3d 1217, 1222 (9th Cir. 2005) (striking untimely errata sheet that was compounded by other Rule 30(e) violations).

---

[3] Judge Tjoflat dissented on the grounds that the purported errata sheet in *Norelus* did not comply with the strict procedural requirements of Rule 30(e) and thus was merely a "letter" from plaintiff's counsel directed to defendant's counsel alerting of plaintiff's inconsistent testimony. 628 F.3d at 1302-1312. The majority heavily criticized the dissent's "theory that was never raised by the parties, never considered by the district court, and never argued to this Court." *Id.* at 1292. The majority did not criticize the dissent's analysis of Rule 30(e)'s procedural requirements, and the dissent has been cited with approval by other courts for its analysis of Rule 30(e)'s procedural requirements. *See, e.g. In re Steffensen*, 534 B.R. 180, 188 (Bankr. D. Utah 2015); *United Subcontractors, Inc. v. Darsey*, 2013 WL 5927946, at *2.

According to Plaintiffs, Ms. Vesely was deposed in her individual capacity on November 21, 2015. Docs. 251 at 3, 6; 258 at 3. On December 8, 2015, Ms. Vesely's co-counsel, Gunn Law Group, received the deposition transcript.[4] Doc. 251 at 5, 11. On January 13, 2016, Ms. Vesely's co-counsel served a signed but undated errata sheet purporting to change her answers to ten questions. *Id.* at 4-5.

According to Section 10, on November 21, 2015, Ms. Vesely testified as corporate representative pursuant to Fed. R. Civ. P. 30(b)(6). Doc. 255 at 2. Her deposition as a corporate representative spanned a period of days from November 19, 2015 to December 21, 2015. Doc. 255 at 2. The conclusion of her testimony as a corporate representative was transcribed and sent to Ms. Vesely on January 4, 2016. *Id.* Section 10 states that "it is unaware of any legal opinion addressing whether the 30-day timeframe set forth in Rule 30(e) is triggered by the conclusion of witness testimony or whether it is triggered upon each transcript of a witness becoming available." *Id.* at 5. Section 10 cites to *In re Weatherford Int'l Sec. Litig.*, No. 11 CIV. 1646 LAK JCF, 2013 WL 4505259 (S.D.N.Y. Aug. 23, 2013) for the proposition that multiple witnesses designated by a party under Rule 30(b)(6) should be treated as a single deponent for purpose of Rule 30(e). Thus, it argues, "[s]ince the collective testimony under 30(b)(6) should be treated as a single deposition, the party should be permitted 30 days from the transcription of the concluded deposition to submit an errata." *Id.*

---

[4] The parties do not discuss when Ms. Vesely was notified of the deposition transcript, only when she received it.

The Court is not persuaded by Section 10's argument. First, nowhere in its response does Section 10 dispute that Ms. Vesely received the transcript of the November 21, 2015 deposition on December 8, 2015 or that she served her errata sheet on January 13, 2016.[5] Second, a declaration of the production supervisor at the court reporting firm confirms that "[o]n December 7, 2015 the transcript of Shirin Vesely's November 21, 2015 deposition was sent via Federal Express to Gunn Law Group, P.A. According to the Federal Express tracking history, the transcript was received by the Gunn Law Group on December 8, 2015." Doc. 251-6. Regardless of whether Ms. Vesely testified in her individual capacity or as corporate representative, nothing in the language of the rule or the case submitted by Section 10 suggests the accuracy of Section 10's interpretation of when the thirty-day clock begins to run.

The concept of rule 30(e) is to allow a deponent the opportunity to review and correct the transcript upon a timely request. The plain language of the rule clearly and succinctly states "30 days after being notified by the officer that the transcript or recording is available." Fed. R. Civ. P. 30(e). The Court is not aware of any cases that afford this plain language of the rule any other meaning. The case cited by Section 10 interprets the timeliness of the request, not the timeliness of when the

---

[5] In her Affidavit, Ms. Vesely states that her deposition occurred on "five (5) separate days: January 19, 2015, November 19, 2015, November 20, 2015, November 21, 2015, and December 21, 2015. . . The transcript of my *final* deposition, which concluded the Section 10 corporate representative testimony, was sent to me, care of Gunn Law Group, P.A., by the court reporter on January 4, 2016. . . . I submitted two errata sheets: one on January 13, 2016 with respect to my testimony of November 21, 2015; and one on January 14, 2015 with respect to testimony of November 19, 2015." Doc. 255-1 at 2-3 (emphasis added). Section 10 admits in its response that "the deposition transcript at issue was not made available until December 8, 2015." Doc. 255 at 7.

thirty-day deadline begins to run. *In re Weatherford Int'l Sec. Litig.*, 2013 WL 4505259, at *2 ("The issue here is whether the depositions of Weatherford's four Rule 30(b)(6) designees constitute a single deposition for the purpose of the request requirement under rule 30(e).").

Other cases have rejected arguments that possession of the transcript rather than notification, as the plain language of the rule suggests, triggers the thirty-day period. *Maronda Homes, Inc. of Florida v. Progressive Exp. Ins. Co.*, No. 6:14-CV-1287-ORL-31, 2015 WL 4167377, at *2 (M.D. Fla. July 9, 2015) ("'[A] deponent is allowed 30 days after being notified by the [court reporter] that the transcript . . . is available' to review the deposition transcript and submit changes and corrections."); *EBC, Inc. v. Clark Bldg. Sys., Inc.*, 618 F.3d 253, 266 (3d Cir. 2010) ("We emphasize that Rule 30(e)'s thirty-day clock begins to run when the party is notified by the court reporter that transcript is available for review, not when the party or deponent physically receives the transcript from the court reporter."); *Hambleton Bros. Lumber Co.* 397 F.3d at 1224 ("FRCP 30(e) states that the thirty-day correction clock begins upon notification of availability, not possession."). In *Maronda*, the witness was a 30(b)(6) witness and, although it was not an issue in the case, the court did not differentiate between a corporate representative and an individual deponent when setting forth the procedural requirements of Rule 30(e). 2015 WL 4167377, at *2

To adopt the reading suggested by Section 10 would require the Court to make an illogical leap from the very clear and plain language of the rule. Based on the foregoing, the Court finds that the errata sheet was not timely. Due to the short

nature of the delay, however, the Court will not determine whether the errata should be stricken on this basis alone without considering the Plaintiffs' other arguments. *See Hambleton Bros. Lumber Co.* 397 F.3d at 1224 ("Missing the thirty day deadline by a mere day or two might not alone justify excluding the corrections in every case.").

### B. Reasons for the changes made

Fed. R. Civ. P. 30(e)(1)(B) requires a deponent making changes to her testimony to "sign a statement listing the changes and the reasons for making them." "The procedural requirements of Rule 30(e) are clear and mandatory," *EBC, Inc.* 618 F.3d at 265, and "[t]he requirements of Rule 30(e) must be strictly complied with by a deponent wishing to change his testimony." *Rezendes v. Domenick's Blinds & Decor, Inc.*, No. 8:14-CV-1401-T-33TBM, 2015 WL 3484835, at *6 (M.D. Fla. June 2, 2015).

Courts have found that the failure to provide a statement of reasons alone suffices as grounds to strike an errata sheet. *Id.*; *EBC, Inc.*, 618 F.3d at 265 (listing cases). It is not enough for a deponent to provide no reasons at all but to claim that the reasons are "either explicit or reasonably implied from the circumstances." *Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1305 (11th Cir. 2010) (Tjoflat, dissenting) (internal quotations and citations omitted). As the Court of Appeals for the Ninth Circuit has explained, "[a] statement of reasons explaining corrections is an important component of errata submitted pursuant to FRCP 30(e), because the statement permits an assessment concerning whether the alterations have a legitimate purpose." *Hambleton Bros. Lumber Co.* 397 F.3d at 1224-25. Moreover,

"[j]ust as a court may disregard objections to discovery requests first advanced in a response to a motion to compel, a court may strike an errata sheet that fails to state the reasons for each change, even if the party offers reasons for the changes in responding to the motion to strike." *Maronda*, 2015 WL 4167377, at *2 (internal citations omitted).

Here, it is undisputed that the untimely errata sheet does not include reasons for any of the changes made to Ms. Vesely's testimony. While Section 10 "recognizes that case law interpreting Rule 30(e) appears to hold that providing an express reason for a change, even if only perfunctory, is a strict procedural requirement," it states that "Ms. Vesely believed the reasons for the changes in the errata were self-evident." Doc. 255 at 6. This is insufficient under the rule's procedural requirements. The Court finds that the errata sheet fails to meet Rule 30(e)'s procedural requirement in its failure to include any reasons for the changes made. The untimeliness of the errata sheet coupled with its failure to include any reasons for the changes made are sufficient grounds to strike the errata by Ms. Vesey. The analysis cannot end here, however, because Section 10 seeks redress for its failure to comply.

To cure the procedural defects, Section 10 requests an extension of time under Fed. R. Civ. P. 6(b) to supplement the errata and include express reasons for the attempted changes to Ms. Vesely's testimony. *Id.* Pursuant to Fed. R. Civ. P. 6(b), "[w]hen an act . . . must be done within a specified time, the court may . . . extend the time on motion made after the time has expired if the party failed to act because of excusable neglect." Before engaging in the analysis of whether excusable neglect

exists to warrant granting leave to Section 10 to supplement Ms. Vesely's errata, the Court will first determine whether Rule 30(e) permits substantive changes at all; because if the answer is negative, then Section 10's request to add reasons for those changes becomes moot.

### C.  Substantive changes

At the outset, the Court finds that the corrections on Ms. Vesely's errata sheet are clearly contradictory to her deposition testimony on November 21, 2015. First, numerous times Ms. Vesely testified that all of her communications with Mr. Elligett were verbal, and numerous times she testified that her client's willingness to settle for $11 million were verbally communicated to Mr. Elligett. Doc. 251-4 at 5-14. Her so-called "correct[ions]" to show that Section 10 is unaware of any communication to ATIF or its representatives are contradictory to her own testimony that, as counsel for Section 10, she verbally communicated to Mr. Elligett, counsel for ATIF, her authority and willingness to settle for $11 million. Doc. 255-1 at 2.

Plaintiffs rely primarily on the Eleventh Circuit's decision in *Norelus* to argue that substantive changes which attempt to contradict deposition testimony are not permitted. In *Norelus*, the Court discussed the issue in the context of imposition of § 1927 sanctions against attorneys who submitted a 63-page errata sheet containing 868 changes to the plaintiff's deposition testimony. 628 F.3d at 1278. In that case, only the plaintiff's testimony supported her claims of employment discrimination, "and the submission of the errata document rendered that testimony useless." *Id.* at

1286. Despite this, the plaintiff's attorneys continued to litigate the case. *Id.* at 1286-87.

In upholding the sanctions award, the majority stated that "the [attorneys'] submission of the novella-length errata sheet making a slew of material changes to their client's deposition testimony was improper." *Id.* at 1281. The court cited the following cases as supporting authority

> *Hambleton Bros. Lumber Co. v. Balkin Enters., Inc.*, 397 F.3d 1217, 1225 (9th Cir.2005) (upholding a district court's judgment to strike an errata sheet listing twenty-seven changes, noting that 'Rule 30(e) is to be used for corrective, and not contradictory, changes'); *Garcia v. Pueblo Country Club*, 299 F.3d 1233, 1242 n. 5 (10th Cir.2002) ('We do not condone counsel's allowing for material changes to deposition testimony and certainly do not approve of the use of such altered testimony that is controverted by the original testimony.'); *Thorn v. Sundstrand Aerospace Corp.*, 207 F.3d 383, 388–89 (7th Cir.2000) (explaining that an errata sheet effecting 'a change of substance which actually contradicts the transcript is impermissible unless it can plausibly be represented as the correction of an error in transcription, such as dropping a 'not''); *Greenway v. Int'l Paper Co.*, 144 F.R.D. 322, 325 (W.D.La.1992) ('[Rule 30(e)] cannot be interpreted to allow one to alter what was said under oath. If that were the case, one could merely answer the questions with no thought at all then return home and plan artful responses. Depositions differ from interrogatories in that regard. A deposition is not a take home examination.')"

*Id.* The court also noted authority that supports a proposition contrary to its holding. *Id.* (*citing Podell v. Citicorp Diners Club, Inc.*, 112 F.3d 98, 103 (2d Cir. 1997) ("[T]he language of [Rule 30(e)] places no limitations on the type of changes that may be made, nor does [Rule 30(e)] require a judge to examine the sufficiency, reasonableness, or legitimacy of the reasons for the changes—even if those reasons are unconvincing."); *Reilly v. TXU Corp.*, 230 F.R.D. 486, 487–90 (N.D.Tex.2005)).

Prior to *Norelus*, courts were split on whether substantive changes absent obvious confusion or changes that are not the result of typographical or transcriptional errors are permitted. *See, e.g. Unlimited Res. Inc. v. Deployed Res., LLC*, No. 307-CV-961-J-25MCR, 2010 WL 55613, at *3 (M.D. Fla. Jan. 5, 2010) (acknowledging a split of authority, but ultimately adopting a broad view of the Rule to permit substantive changes); *Reynolds v. Int'l Bus. Machines Corp.*, 320 F. Supp. 2d 1290, 1300 (M.D. Fla.) *aff'd*, *Reynolds v. IBM*, 125 F. App'x 982 (11th Cir. 2004) (relying on the reasoning of Tenth and Seventh circuit cases to adopt a narrow view of the Rule and disregard plaintiff's errata sheet that made material alterations to his deposition testimony when there was no showing that there was an error in transcription or confusion during the deposition). Courts adopting the broad interpretation of the rule have noted safeguards that can be implemented to prevent abuse; namely, allowing the original deposition answers to remain part of the record and to be read at trial, permitting reopening of the deposition to address the changes, and attributing the cost of the reopened deposition to the party that made the changes. *Unlimited Res. Inc. v. Deployed Res.*, 2010 WL 55613, at *3; *United Subcontractors, Inc. v. Darsey*, No. 3:13-CV-603-J-99TJC, 2013 WL 5770559, at *1 (M.D. Fla. Oct. 24, 2013); *Maharaj v. GEICO Cas. Co.*, 996 F. Supp. 2d 1303, 1311-12 (S.D. Fla. 2014).

Since *Norelus*, courts in this district still remain divided on whether substantive and contradictory changes to a deponent's original testimony are permissible. *See, e.g. Maronda,* 2015 WL 4167377, *3 ("While the Eleventh Circuit

may not have addressed the issue in 2009, it made clear a year later in *Norelus* that material changes, especially when contradictory to the deponent's original testimony, are not permissible absent a good reason"); *United Subcontractors, Inc.*, 2013 WL 5770559, at *1 (M.D. Fla. Oct. 24, 2013) ("[I]n the *Norelus* decision, the court focused on the issue of sanctions against attorneys for submitting an errata sheet with 868 changes . . . [but] did not make a ruling as to whether substantive changes could or could not be made to deposition testimony"). The court in *United Subcontractors, Inc.* was more persuaded by the cases adopting a broad view of Rule 30(e) and found nothing in the *Norelus* opinion restricts that view. 2013 WL 5770559, at *1-2.

Plaintiffs request the Court to adopt a narrow view of Rule 30(e) and strike the substantive changes made by Ms. Vesely on her errata sheet. Section 10, on the other hand, requests the Court to follow the cases which interpret Rule 30(e) broadly and allow the changes to Ms. Vesely's testimony. *United Subcontractors, Inc.*, 2013 WL 5770559; *Maharaj*, 996 F. Supp. 2d 1303, 1311-12. The undersigned is more persuaded by the analysis in *Maronda Homes, Inc. of Florida* wherein the court stated:

> As a necessary part of the Eleventh Circuit's analysis in *Norelus,* the court's rejection of the use of a Rule 30(e) errata sheet to make material and contradictory changes to deposition testimony is part of the law of the circuit. *See United States v. Kaley,* 579 F.3d 1246, 1253 n. 10 (11th Cir.2009) ("[T]he holding of a case …, as the Supreme Court observed, compris[es] … both the result of the case and 'those portions of the opinion necessary to that result ....'" (quoting *Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 66–67, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996))). Consequently, absent a good reason, such as a transcription error or sufficient showing of confusion, material and contradictory changes are not permissible in this circuit.

2015 WL 4167377, at *3. Upon review of the deposition transcript, there is no sufficient showing of confusion or any other good reason to permit the substantive changes. As such, the Court finds that due to the procedural violations of Rule 30(e), the errata sheet must be stricken. Moreover, the Court finds that the attempted changes to Ms. Vesely's deposition testimony are substantive, contradictory, and inappropriate; therefore, the errata is due to be stricken on this this basis as well. Because the errata sheet attempts to make inappropriate substantive changes to Ms. Vesely's deposition testimony, Section 10's request for leave to supplement the errata sheet with reasons for the changes made must be denied as moot.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Plaintiffs Travelers Indemnity Company and St. Paul Fire & Marine Insurance Company and Intervening Plaintiff RSUI Indemnity Company's Motion to Strike Shirin Vesely Errata Sheet or, in the Alternative, Motion for Leave to Reopen Shirin Vesely Deposition and Incorporated Memorandum of Law (Doc. 251) is **GRANTED**.

2. The errata sheet completed by Ms. Vesely regarding her November 21, 2015 testimony is **STRICKEN**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 7th day of March, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies: Counsel of record