UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO. 2:13-cv-0670-FtM-SPC-CM

TRAVELERS INDEMNITY COMPANY OF
CONNECTICUT and ST. PAUL FIRE & MARINE
INSURANCE COMPANY,

    Plaintiffs,

vs.

ATTORNEYS' TITLE INSURANCE FUND, INC.,
FLORIDA TITLE COMPANY, SECTION 10
JOINT VENTURE, LLP, SKY PROPERTY
VENTURES, LLC, AND CAS GROUP, INC.,

    Defendants.
_____/

RSUI INDEMNITY COMPANY,

    Intervening Plaintiff,

vs.

ATTORNEYS' TITLE INSURANCE FUND, INC.,
FLORIDA TITLE COMPANY, SECTION 10
JOINT VENTURE, LLP, SKY PROPERTY
VENTURE, LLC, and CAS GROUP, INC.,

    Defendants in Intervention.
_____/

**PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE DEFENDANTS SECTION 10
JOINT VENTURE, LLP, SKY PROPERTY VENTURE, LLC, AND CAS GROUP, INC.'S
<u>WITNESSES FROM THE COURTROOM DURING TRIAL</u>**

    Pursuant to Rule 615, Federal Rules of Evidence, Plaintiffs Travelers Indemnity

Company of Connecticut and St. Paul Fire & Marine Insurance Company (collectively,

"Travelers"), hereby move *in limine* for an Order excluding all of Defendants Section 10 Joint

Venture, LLP, Sky Property Venture, LLC, and CAS Group, Inc.'s (collectively, "Section 10"), witnesses from the courtroom during trial. For the reasons set forth below, this motion should be granted.

## MEMORANDUM OF LAW

Federal Rule of Evidence 615 provides: "At a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony." Rule 615 provides for only four exceptions to the rule: (a) a party; (b) an officer or employee designated as a party's representative; (c) a person whose presence is "essential to presenting the party's claim or defense;" or (d) a person authorized by statute to be present.

An attorney for a party who testifies as a fact witness is subject to the rule, just like any other witness. *See Foster-Thompson, LLC v. Thompson,* No. 8:04-cv-2128-T-30EAJ, 2006 WL 269979 (M.D. Fla. Feb. 3, 2006) (applying Rule 615 to counsel).

In this case, Section 10 has listed attorneys for Section 10 and ATIF as witnesses on its Witness List – specifically, Shirin Vesely, who represents Section 10 in this case, and Tom Elligett, who represents ATIF in this case. (Travelers has been advised that Ms. Vesely and Mr. Elligett will not be trying the case on behalf of their respective clients.) Ms. Vesely and Mr. Elligett are subject to the rule just like any other witness. Accordingly, Ms. Vesely and Mr. Elligett must be excluded from the courtroom, must not be allowed to review daily transcripts and must not be permitted to discuss the case with other fact witnesses, including their respective clients.

Accordingly, Travelers respectfully requests that the Court exclude all witnesses listed on Defendant's witness list from the courtroom for the duration of the trial.

**Local Rule 3.01(g) Certification**

Pursuant to Local Rule 3.01(g), undersigned counsel conferred with opposing counsel and was unable to reach agreement on the resolution of this motion.

                    Respectfully submitted,

By: /s/ *Laura Besvinick*
Laura Besvinick, Esq.
Florida Bar No. 391158
Julie Nevins, Esq.
Florida Bar No. 182206
**STROOCK & STROOCK & LAVAN LLP**
200 South Biscayne Boulevard, Suite 3100
Miami, Florida 33131
Telephone: (305) 358-9900
Facsimile: (305) 789-9302
lbesvinick@stroock.com
jnevins@stroock.com

Attorneys for Plaintiffs
*Travelers Indemnity Company of Connecticut and St. Paul Fire & Marine Insurance Company*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 1, 2016, I electronically filed the foregoing document with the Clerk of Court using the Court's CM/ECF system. Copies of the foregoing document will be served upon interested counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                    /s/Laura Besvinick