UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TRAVELERS INDEMNITY
COMPANY OF CONNECTICUT and
ST. PAUL FIRE & MARINE
INSURANCE COMPANY,

      Plaintiffs,

v.                                    Case No: 2:13-cv-670-FtM-38CM

ATTORNEY'S TITLE
INSURANCE FUND, INC.,
FLORIDA TITLE CO., SECTION
10 JOINT VENTURE, LLP, SKY
PROPERTY VENTURE, LLC, CAS
GROUP, INC., STEPHAN, COLE
& ASSOCIATES, LLC and
INTEGRA REALTY RESOURCES
SOUTHWEST FLORIDA, INC.,

      Defendants.

## REPORT AND RECOMMENDATION[1]

This matter comes before the Court upon review of Travelers Indemnity Company of Connecticut ("Travelers") and St. Paul Fire & Marine Insurance Company's ("St. Paul") Renewed Verified Motion to Tax Costs (Section 10) ("Motion for Costs") filed on August 21, 2018 and the Renewed Motion for Attorneys' Fees and Costs filed on October 4, 2018 ("Motion for Attorneys' Fees"). Docs. 456, 458.[2]

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

[2] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents

Plaintiffs seek $53,406.10 in taxable costs against Section 10 Joint Venture, LLP ("Section 10"), Sky Property Venture, LLC ("SPV") and CAS Group, Inc. ("CAS") and an order finding Plaintiffs are entitled to reasonable attorneys' fees and costs against Section 10.  Doc. 456 at 2; Doc. 458 at 3 n.2.  Section 10 does not oppose Plaintiffs' entitlement to reasonable attorneys' fees and costs.  *See* Doc. 460.  None of the Defendants responded to Plaintiffs' Motion for Costs or the Court's Order directing them to show cause as to why Plaintiffs' requested costs should not be granted in full, and the motion thus is deemed unopposed.  *See generally* Docket; *see also* Doc. 460 (addressing Motion for Attorneys' Fees but failing to address Motion for Costs); *Hicks v. Deepwater Global Distrib., Inc.*, No. 6:17-cv-1472-Orl-41TBS, 2018 WL 3427876, at *1 (M.D. Fla. July 16, 2018) ("When a party fails to respond, that is an indication that the motion is unopposed.").  The Court recommends Plaintiffs' Motion for Attorneys' Fees be granted, and Plaintiffs' Motion for Costs be granted in part and denied in part.

I. **Background**

This case follows a real estate fraud scheme and years of state court litigation between Defendants.  *See* Doc. 420 at 2.  Defendants Attorneys' Title Insurance Fund, Inc. and Florida Title Co. (collectively, "ATIF") sued Section 10, SPV and CAS

---

or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

to recover money it paid as the title insurer for property owned by Section 10 that was sold fraudulently. *Id.* Defendants eventually entered into a *Coblentz*[3] agreement, relieving ATIF from liability and shifting any liability to ATIF's insurance providers, including Plaintiffs. *Id.* Plaintiffs filed the present action on September 18, 2013, seeking declaratory judgment whether Plaintiffs were liable for any portion of the $40 million settlement amount in the agreement. *Id.* at 2, 5; *see also* Docs. 1, 37. On July 7, 2016, District Judge Sheri Polster Chappell granted summary judgment for Plaintiffs, finding Section 10 could not satisfy the necessary elements to enforce the *Coblentz* agreement against Plaintiffs. Doc. 420 at 23.

Following the favorable judgment, Plaintiffs filed motions seeking taxation of costs and attorneys' fees. *See* Docs. 421, 422, 423. All defendants subsequently filed appeals of the judgment, and Judge Chappell thus denied the motions without prejudice. *See* Docs. 429, 431, 434, 437. On August 1, 2018, the Eleventh Circuit affirmed the judgment for Plaintiffs, and Plaintiffs filed renewed motions for costs and attorneys' fees. Docs. 451, 452, 453. The undersigned denied the motions without prejudice for failure to comply with Middle District of Florida Local Rule 3.01(g), directing the parties to meaningfully confer about the relief requested. Doc. 455.

When Plaintiffs filed the present Motion for Costs and Motion for Attorneys' Fees, they indicated Section 10 opposed the motions. Doc. 456 at 8; Doc. 458 at 8. But no one filed responses in opposition. *See generally* Docket. On December 13,

---

[3] *See Coblentz v. Am. Sur. Co. of NY*, 416 F.2d 1059 (5th Cir. 1969).

2018, the undersigned directed Defendants Section 10, SPV and CAS to show cause why Plaintiffs' Motion for Costs should not be granted in its entirety and directed Section 10 to show cause why the Court should not grant Plaintiffs' Motion for Attorneys' Fees as to entitlement. Doc. 459. In its response, Section 10 indicated it no longer opposed Plaintiffs' entitlement to attorneys' fees but failed to state its position on the Motion for Costs. See Doc. 460. The time for any further response has passed, and the matter is ripe for judicial review.

## II. Analysis

### a. Motion for Attorneys' Fees

Parties generally must bear their own litigation expenses regardless of who wins or loses. Fox v. Vice, 563 U.S. 826, 832 (2011). Exceptions exist, however, where Congress has authorized courts to deviate from this rule in certain types of cases by shifting fees from one party to another. Id. And "in diversity cases[,] a party's right to attorney's fees is determined by reference to state law." Prime Ins. Syndicate, Inc. v. Soil Tech Distribs., Inc., 270 F. App'x 962, 963 (11th Cir. 2008). Here, Plaintiffs argue they are entitled to approximately $750,000.00 in attorneys' fees incurred after March 14, 2016—the date Plaintiffs each served individual offers of settlement on Section 10—under § 768.79 of the Florida Statutes. Doc. 458 at 3-4. The Eleventh Circuit has found § 768.79 constitutes substantive law that applies in diversity cases before a federal district court. See Horowitch v. Diamond Aircraft Indus., Inc., 645 F.3d 1254, 1257-58 (11th Cir. 2011).

Section 768.79 provides:

> In any civil action for damages filed in the courts of this state . . . . If a plaintiff files a demand for judgment which is not accepted by the defendant within 30 days and the plaintiff recovers a judgment in an amount at least 25% greater than the offer, she or he shall be entitled to recover reasonable costs and attorneys' fees incurred from the date of the filing of the demand.

Fla. Stat. § 768.79. The phrase "civil action[s] for damages" generally limits application of the statute to cases involving only monetary relief, but Florida and federal courts have interpreted the statute to apply in declaratory relief actions where the central issue is money. *See Yacht Club on the Intracoastal Condo. Ass'n, Inc. v. Lexington Ins. Co.*, 599 F. App'x 875, 883-84 (11th Cir. 2015) (finding § 768.79 applied in declaratory judgment and breach of contract case involving insurance coverage for Hurricane Irma damage because a declaration that the plaintiff's damages were covered would result in an award of damages); *Diamond Aircraft Indus., Inc. v. Horowitch*, 107 So.3d 362, 373 (Fla. 2013); *DiPompeo Constr. Corp. v. Kimmel & Assocs, Inc.*, 916 So. 2d 17, 18-19 (Fla. 4th DCA 2005) (finding § 768.79 applied in declaratory judgment case involving whether the plaintiff owed a commission to the defendant because the central issue was whether the defendant was entitled to money from the plaintiff).

On March 14, 2016, Plaintiffs each served individual, separate offers of settlement on Section 10 under § 768.79. Doc. 458 at 3. Travelers offered to settle the case for $40,000.00, and St. Paul's offered to settle the case for $360,000.00. *Id.*; *see also* Doc. 458-1 at 6, 24. According to Plaintiffs, Section 10 did not respond to either offer within thirty (30) days or at all. Doc. 458 at 3. Ultimately, Judge Chappell granted Plaintiffs' Motion for Final Summary Judgment, directing the

Clerk to enter judgment for Plaintiffs on their declaratory relief claim. Doc. 420 at 23-24; *see also* Doc. 421. Although this suit was for declaratory relief, the central issue was about money—whether Section 10 could enforce the $40 million consent judgment ATIF agreed to in their *Coblentz* agreement against Plaintiffs. *See generally* Docs. 37, 420. Further, Section 10 does not dispute Plaintiffs' entitlement to fees under § 768.79. *See* Doc. 460. The Court thus recommends Plaintiffs are entitled to attorneys' fees under § 768.79. The Court further recommends Plaintiffs be directed to file a motion for attorneys' fees addressing the reasonableness of the fees requested and making the proper showing to support their requested award.

      b. Motion for Costs

Plaintiffs, as the prevailing parties, may seek an award of costs under Rule 54 of the Federal Rules of Civil Procedure and Middle District of Florida Local Rule 4.18. *See Lookout Mountain Wild Animal Park, Inc. v. Stearns Zoological Rescue & Rehab Ctr., Inc.*, 2014 WL 3396503, *1 (M.D. Fla. 2014). Rule 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs— other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "[Title 28 U.S.C.] Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). Section 1920 provides:

    A judge or clerk of any court of the United States may tax as costs the following:

    (1) Fees of the clerk and marshal;

    (2) Fees for printed or electronically recorded transcripts necessarily

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title [28 U.S.C. § 1923]; [and]

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title [28 U.S.C. § 1828].

28 U.S.C. § 1920.

When determining whether taxation of costs is appropriate, the Court is bound by the limits set forth in § 1920. *See Crawford*, 482 U.S. at 445; *see also Pelc v. Nowak*, No. 8:11-cv-79-T-17TGW, 2013 WL 3771233, at *5 (M.D. Fla. July 17, 2013) ("The Court has limited discretion in awarding costs, and is permitted to tax only those items specified in Sec[.] 1920, unless authorized by statute.") (citing *Crawford*, 482 U.S. at 441-42); *Family Oriented Cmty. United Strong, Inc. v. Lockheed Martin Corp.*, No. 8:11-cv-217-T-30AEP, 2012 WL 6575348, at *1 (M.D. Fla. Dec. 17, 2012) ("Absent explicit statutory or contractual authorization, the Court is limited to those costs specifically enumerated in § 1920."). Although courts retain the discretion to deny costs to a prevailing party, "[t]he presumption is in favor of awarding costs." *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001). "To defeat the presumption and deny full costs, a district court must have and state a sound basis for doing so." *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2006).

The burden of proving entitlement to costs and the amount of compensable

expenses lies with the party seeking to tax those costs. *Loranger v. Stierham*, 10 F.3d 776, 784 (11th Cir. 1994); *Brivik v. Murray*, No. 8:11-cv-2101-T-33TGW, 2014 WL 1576721, at *4 (M.D. Fla. Apr. 18, 2014) ("The party seeking an award of costs or expenses bears the burden of submitting a request that enables a court to determine what costs or expenses were incurred by the party and the party's entitlement to an award of those costs or expenses.") (citing *Loranger*, 10 F.3d at 784); *see also Holland v. Gee*, No. 8:08-cv-2458-T-33AEP, 2012 WL 5845010, at *6 (M.D. Fla. Oct. 23, 2012). "The party seeking costs must not only show that the costs claimed are recoverable, but must also provide sufficient detail and sufficient documentation regarding those costs in order to permit challenges by opposing counsel and meaningful review by the court." *Pelc*, 2013 WL 3771233, at *5; *Lookout Mountain*, 2014 WL 3396503, at *2 ("To recover compensable costs under 28 U.S.C. § 1920, the prevailing party must adequately describe and document those costs.") (citing *Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1340 (M.D. Fla. 2002)); *Shave v. Stanford Fin. Grp., Inc.*, No. 07-60749-CIV, 2008 WL 3200705, at *4 (S.D. Fla. Aug. 6, 2008) ("The party seeking costs bears the burden of submitting a request for expenses that enables the court to determine what expenses were incurred and whether those expenses meet the proof of necessity and reasonableness under 28 U.S.C. [§] 1920."). Failure to provide supporting documentation can be grounds for denying costs. *Pelc*, 2013 WL 3771233, at *5.

Plaintiffs seek to recover costs totaling $53,406.10 in five categories: filing fees ($400.00); process server fees ($4,430.00); court reporter and transcript costs for 35

depositions ($33,898.40); costs for videotaping depositions and obtaining DVDs of the videos ($17,182.30); court reporter costs for hearing transcripts ($455.40); and witness fees ($40.00). Doc. 456 at 3-7. Plaintiffs submitted an itemization of the requested fees and supporting invoices and receipts. *See* Doc. 456-1 at 2; Doc. 456-2 at 3, 5-102. None of the Defendants have challenged Plaintiffs' entitlement to the requested costs. *See generally* Docket; *see also* Doc. 460 (addressing Motion for Attorneys' Fees but failing to address Motion for Costs).

The Court recommends Plaintiffs' requested costs be granted in part and denied in part. The $400.00 filing fee is taxable under 28 U.S.C. § 1920, and "private process server fees may be taxed pursuant to [28 U.S.C.] §§ 1920(1) and 1921 so long as they do not exceed the statutory fees authorized in § 1921." *Cosby v. Lee Cty.*, No. 2:14-cv-255-FtM-38DNF, 2014 WL 5336384, at *2 (M.D. Fla. Oct. 20, 2014); *Long v. Athos Corp.*, No. 8:05-CV-1644-27MAP, 2006 WL 1722350, at *2 (M.D. Fla. June 20, 2006) (internal quotation marks omitted) (quoting *Equal Emp't Opportunity Comm'n v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000)). Plaintiffs seek to tax the costs of serving 9 subpoenas for documents or depositions in 22 service attempts. *See* Doc. 456 at 3-4. As Plaintiffs do not seek reimbursement over the statutory maximum of $65.00 per hour, Plaintiffs' requested $1,430.00 in process server fees is taxable. *See* Doc. 456-2 at 3, 7-29; *see also* 28 C.F.R. § 0.114(a)(3).

Deposition costs, including court reporting costs, may be taxed if the deposition was "necessarily obtained for use in the case." *North v. Mayo Grp. Dev., LLC*, No. 3:11-cv-444-J-32JBT, 2013 WL 3461932, at *3 (M.D. Fla. July 9, 2013) (internal

quotation marks omitted) (citing *W&O, Inc.*, 213 F.3d at 621). Plaintiffs indicate "[m]ost of the witnesses who were deposed were identified by Section 10 as persons with knowledge of the issues in the case in interrogatory responses and were disclosed by the parties as expert witnesses," and they "relied on testimony from many of these depositions in support of its Motion for Final Summary Judgment and in opposition to Section 10's motion for partial summary judgment." Doc. 456 at 5-6. The Court thus recommends Plaintiffs' request for deposition court reporting and transcript costs be granted.

Plaintiffs rely on *Morrison v. Reichhold Chems., Inc.*, 97 F.3d 460, 465 (11th Cir. 1996) to support their position they may recover costs for both the court reporting and videotaping of the identified depositions. *Morrison*, however, was issued prior to the amendment of Section 1920 to reflect that "[f]ees for printed *or* electronically recorded transcripts" are recoverable. *See* 28 U.S.C. § 1920(2) (emphasis added); *Cowden v. BNSF Ry. Co.*, 991 F. Supp. 2d 1084, 1090-91 (E.D. Mo. 2014). Further, courts in the Middle District of Florida generally require a prevailing party to demonstrate why "videotapes were necessary to prepare for litigation when [the parties] had transcripts of the events." *See Arnoul v. Busch Entm't Corp.*, 8:07-cv-1490-T-24MAP, 2008 WL 11336322, at *1 (M.D. Fla. Dec. 30, 2008); *see also Cadle v. Geico Gen. Ins. Co.*, No. 6:13-cv-1591-Orl-31GJK, 2015 WL 4352048, at *6 (M.D. Fla. July 14, 2015). Plaintiffs made no such showing. The Court thus recommends Plaintiffs' requests for deposition videotaping costs be denied.

Plaintiffs also seek reimbursement for the cost of the transcript for the hearing on ATIF's Motion for Partial Summary Judgment and Motion to Dismiss Second Amended Complaint in the underlying state court case. *See* Doc. 456 at 7. "Movants seeking to tax the cost of pretrial hearing transcripts must show that the pretrial hearings for which transcript costs are sought limited and clarified issues which were to be heard at a lengthy trial and were of a magnitude that a transcript was needed to determine how the trial would proceed." *GEICO Gen. Ins. Co. v. Berguiristain*, No. 5:15-cv-45-Oc-30PRL, 2017 WL 444695, at *4 (M.D. Fla. Feb. 2, 2017). Following the hearing in question, Florida circuit Judge Alane C. Laboda dismissed Section 10's counterclaim for slander of title. *See* Doc. 456 at 7; Doc. 456-2 at 3, 97-98; *see also* Doc. 277 at 88-90. Because the hearing significantly narrowed the issues in the underlying case, the transcript was sufficiently necessary for use in this case. Therefore, the Court recommends Plaintiffs' $455.40 cost for obtaining the hearing transcript is taxable.

As to witness fees, Plaintiffs seek $40.00 for the deposition of Judge Matthew Lucas. Doc. 456 at 7; Doc. 456-2 at 3, 100-02. Prevailing parties may tax costs of up to $40.00 per day for the attendance of fact witnesses. *See* 28 U.S.C. § 1920(3); 28 U.S.C. § 1821(b); *Ogilvie v. Swank*, No. 2:14-cv-354-FtM-38CM, 2016 WL 3595738, at *2 (M.D. Fla. July 5, 2016). Therefore, the Court recommends Plaintiffs' requested witness fee of $40.00 is taxable.

In light of the foregoing, the Court recommends these requested costs be granted:

| Filing fee | $400.00 |
| --- | --- |
| Process server fees | $1,430.00 |
| Court reporting and transcript costs for depositions | $33,898.40 |
| Hearing transcript cost | $455.40 |
| Witness fee | $40.00 |
| TOTAL | $36,223.80 |

And these requested costs be denied:

| Videographer and videotape fees for depositions | $17,182.30 |
| --- | --- |

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

1. Travelers Indemnity Company of Connecticut and St. Paul Fire & Marine Insurance Company's *Renewed* Verified Motion to Tax Costs (Section 10) (Doc. 456) be **GRANTED in part and DENIED in part**, and Plaintiffs be awarded **$36,223.80** in costs;

2. Plaintiffs Travelers Indemnity Company of Connecticut and St. Paul Fire & Marine Insurance Company's *Renewed* Motion for Attorneys' Fees and Costs (Doc. 458) be **GRANTED**, and Plaintiffs be directed to file a motion for attorneys' fees addressing the reasonableness of the fees requested and making the proper showing to support their requested award by **January 28, 2019**.

**DONE** and **ENTERED** in Fort Myers, Florida on this 14th day of January, 2019.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record